## The Liverpool and London and Globe Insurance Company v. Fred Ende.

(Case No. 1910)

1. Evidence.—See statement of case for matters held not relevant to the issue and improperly admitted. The improper admission of evidence which does not injure the opposite party is no ground for reversal.
2. Assignment—Homestead.—An assignment of property for the benefit of creditors cannot convey property protected from forced sale as a place of business at the time the assignment was made.
3. Insurance—Agents—Estoppel.—A verbal application for a policy was made to the general agent of a foreign insurance company and the policy issued. It was not shown that the application was transmitted, or was required to be transmitted, to the home office, nor was it claimed that the policy was void for want of power in the agents to do whatever the principal might have done in reference to the issuance of the policy in question. A dispute afterwards arose over the title to the property insured, but the agents knew the facts when the policy issued. *Held:*
    (1) That under such a state of facts the acts of the agents were the acts of

the principal, and the knowledge of the agent as to any fact affecting the risk was the knowledge of the principal. (Miner v. Ins. Co., 27 Ind., 698.)

(2) To deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as ground of avoidance, is to attempt a fraud. This the courts will not aid, but will decide that there was an intent to waive the known ground of avoidance. (May on Ins., sec. 497; Wood on Fire Ins., sec. 497; Ins. Co. v. Lyons, 38 Tex., 253, etc.)

(3) The company, by receiving the premium fire insurance with knowledge of the true state of title of the property insured, was estopped from denying the right of the insured to recover on the ground that his interest in the property was other than the entire, unconditional and sole ownership for his own use.

4. Charge—Practice.—It cannot be complained that a charge was not sufficiently full or clear, unless additional instructions were asked and refused.

5. Charge—Insurance.—See opinion for charge held to correctly state the law in regard to the destruction of an insured building.

6. Evidence—Charge.—In a case in which there was conflicting evidence it was not error to charge the jury: "If there is a conflict in the testimony you must reconcile it if you can; if not, you may believe or disbelieve any witness or witnesses, according as you may or not think them entitled to credit."

Appeal from Hunt. Tried below before the Hon. F. B. Sexton, special judge.

This is a suit brought by appellee to recover $2,500 with interest, on a policy of insurance against loss by fire upon a certain three-story brick building in Greenville, Texas, known as the Ende hotel, issued by appellant on the 16th day of December, 1882, which building appellant claims to have been destroyed by fire, on the 7th day of April, 1883.

This the appellant denies, and claims that the building fell, not as the result of fire, but from other causes, and that by one of the conditions on which the policy was issued, the contract of insurance thereby at once ceased and determined.

Appellant further claimed that appellee was not the sole and unconditional owner of the building so insured at the time of its insurance, but that the title had passed from appellee to assignee J. J. Cooper, by a deed of assignment made for the benefit of creditors, on the 10th day of April, 1882, and that this fact was not expressed in the written part of the policy, and that by reason of one of the conditions upon which the policy issued the contract of insurance was thereby rendered void, ab initio.

Appellant further claimed that the policy was, according to one of its conditions, vitiated and rendered null and void, by reason of the keeping of gunpowder in the building for sale.

The case was tried with the intervention of a jury at July term, 1885, and resulted in a verdict and judgment for appellee in the sum of $2,933.33, from which judgment appellant appealed.

Second error assigned. The court erred in admitting the testimony of the witness, R. R. Neyland, to impeach appellant's witness, D. C. Bell.

The question propounded to appellant's witness, D. C. Bell, was by cross-interrogatory, and was whether he believed in the existence of a God, and whether he did not (giving time and place) "in the presence of several gentlemen" deny the existence of a God, and curse Mrs. Pruitt, one of the victims in the Ende hotel disaster.

Bell's testimony showed that there was fire in the south end of the building, where it was shown there were no lamps burning within a few minutes after the fall of the building. There were no facts material to appellant's defense shown by witness Bell that were not materially shown by other witnesses, whose testimony was not discredited.

*Perkins, Gilbert & Perkins* and *Brooks & Looney,* for appellants, on homestead, cited: Shryock & Rowland *v.* Latimer, 57 Tex., 674; Wood on Fire Ins., p. 540, sec. 313; Wallace & Co. *v.* Bogel & Bro., 62 Tex., 636; Chrisman *v.* Miller, 15 Tex., 159; Dodd *v.* Arnold, 28 Tex., 97, and cases therein cited; Payne *v.* Francis, 37 Tex., 75.

On the charge of the court as to general agents, they cited: Crozier *v.* Kirker, 4 Tex., 252; Gay *v.* McGuffin, 9 Tex., 501; Andrews *v.* Marshall, 26 Tex., 212; Love *v.* Wyatt, 19 Tex., 312; Cobb *v.* Beall, 1 Tex., 342.

On evidence they cited: Ins. Co. *v.* Gray, 80 Ill., 28; Robertson *v.* Dodge, 28 Ill., 161; Droyer *v.* Bassett, 63 Tex., 274; Franklin *v.* Tiernan, 62 Tex., 92.

*Mathews & Neyland, E. W. Terhune, T. D. Montrose,* and *D. Upthegron,* for appellees, on evidence, cited: 1 Greenl. Ev., sec. 462, 3d ed.; Weir *v.* McGee, 25 Tex., Supp., 20; Davis *v.* Davis, 5 Tex., 389; Willis *v.* Chambers, 8 Tex., 150.

On instructions, they cited: Faquahr *v.* Dallas, 20 Tex., 200; Thompson *v.* Payne, 21 Tex., 625; Linn *v.* Wright, 18 Tex., 317-340; Powell *v.* Haley, 28 Tex., 55, 56; Bast *v.* Alford, 20 Tex., 229; Cole *v.* Cole, 17 Tex., 6, 7; also Supreme Court Rules; see Thatcher *v.* Mills, 14 Tex., 16; Alexander *v.* State, 12 Tex., 544; Converse *v.* McKee, 14 Tex., 30; Hollingsworth *v.* Holshausen, 17 Tex., 47.

On the character of the policy, they cited: Woods on Fire Ins., 175, 309, 503; 51 Barb. (N. Y.), 284; 56 N. Y., 354; Woods on Fire Ins., 644, 846, 629, 636, 647, 663, et seq., 837, 839, 672; Abbott's Trial Ev., 489; Home Ins. Co. *v.* Balt. W. Co., 93 U. S., 548.

STAYTON, ASSOCIATE JUSTICE.—The matters in reference to which the witness, Bell, was interrogated, with a view to impeaching his credibility, were not relevant to the issue to be tried, and the court below should not have admitted the evidence complained of. 1 Greenl. Ev., 462.

It does not follow, however, that this furnishes sufficient ground for the reversal of the judgment.

An inspection of the record does not show that his evidence, if it stood in every way unimpeachable, would have benefited the defendant.

It is to some extent unintelligible, but as it stands in the record it cannot be said that his evidence does not tend more strongly to show that the house was in process of destruction by fire before it fell, and that this was the real cause of its destruction, than to prove the reverse fact, which the defendant sought to establish by the witness.

The manner in which the statement of facts is made up is to be condemned ; but it must be presumed, in so far as the answers of the witness are unintelligible from the record, that they would be of no materiality if the questions, as well as the answers, were given ; for to hold to the contrary would require this court to presume that the judge who tried the cause has not done that which, by his certificate, he declares that he did.

The charge of the court, in reference to the effect of the assignment, made by Ende for the benefit of his creditors, upon the property insured, if protected to him from forced sale as his place of business at the time assignment was made, is correct. Miller v. Menke, 56 Tex., 540.

We do not however deem it necessary, in view of other questions in the case, to consider how far a property such as that insured, would, or could be protected from forced sale by reason of the fact that a part of it may be used as a place where the head of a family carries on his business. That question is an important one which this court will not undertake to decide until a case is presented which makes its decision necessary.

Ende made an assignment under the statute on April 10, 1882, for the benefit of such of his creditors as would consent to take under it and release him.

A schedule of the real property which he intended should pass by the deed was appended to it, and did not embrace the property on which, on December 6, 1882, the policy sued on was issued. That the property, prior to the assignment, was used in part by Ende as his place of business, is shown as is it that he was so using it at

the time the policy issued and up to the time the property was destroyed. It is also shown that at the time the policy issued his family were living in some of the rooms of the building, and so continued until the building was destroyed.

It appears by the evidence that Alexander and F. V. Ende were the general agents of the insurance company, and, by the policy itself, that it was not to become operative until countersigned by them.

Their principal was a foreign corporation, and the policy was issued upon a verbal application made to the agents, which, it is not shown, was transmitted, or required to be transmitted to the home office, and upon that application a policy issued which is not claimed to be void for want of power in the agents to do whatever the principal might have done in reference to the issuance of the policy in question.

Under such a state of facts it must be held that the acts of the agents are the acts of the principal, and that knowledge of the agent as to any fact affecting the risk is the knowledge of the principal. Minor v. Insurance Co., 27 Wis., 698.

Alexander, one of the agents, testified as follows: "I was acquainted with the property of Mr. Ende at the time of the issuance of the policy. I was editor and publisher of a newspaper in Greenville. I knew of the assignment and published the notice of it; knew of it soon after it was made. At the time of the issuance of the policy in this case, I knew that Pruitt and James Armistead were occupying the property as a hotel and store-house. I knew Ende claimed the property as homestead or place of business. He had occupied, for years prior to the assignment, the lot as a place of business. After the assignment Mr. Ende with his family lived on the property in question. He made no written application for the policy. He applied to me verbally for the issuance, and being acquainted with the property, I issued the policy. I don't know where Ende lived just prior to the issuance of the policy. I don't think anything was said as to the ownership of the property. I had never seen the deed of assignment; all I know was that he claimed it. At the time of the issuance of the policy he did not inform me that he had conveyed the property to Cooper under the deed of assignment. Don't know where he lived when the policy was issued. I issued the policy by reason of Ende's application and by reason of his possession of the property."

The deed of assignment made by Ende was recorded April 10, 1882.

The policy contains the usual clause: "If the interest of the assured in the property be any other than the entire, unconditional and sole ownership for the use and benefit of the assured, or if the

building insured stands on leased ground, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void."

Under this clause in the policy it is claimed that the policy is void, for the reason that the absolute title to the property was not in Ende, but had passed to the assignee Cooper, through the assignment made for the benefit of creditors.

If such was the legal effect of the deed of assignment, all the facts bearing on that question were known to the agents who issued the policy at the time it issued, hence, in legal contemplation, were known to the appellant.

That Ende had an interest in the property which he might insure cannot be questioned under any existing facts, but this is unimportant in view of the inquiry which arises.

The inquiry arises whether, under the facts shown, the appellant is estopped to deny the validity of the policy, even if it were true that Ende was not the absolute owner.

The rule which seems to us the true one is thus stated: "To deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as ground of avoidance, is to attempt a fraud. This the courts will neither aid nor presume, and when the alternative is to find this or to find that, in accordance with honesty and fair dealing, there was an intent to waive the known ground of avoidance, they will choose the latter. Such an issue is tantamount to an assertion that the policy is valid at the time of delivery, and is a waiver of the known ground of invalidity." May on Ins., sec. 497.

Another elementary writer thus expresses the rule: "The insurer is estopped from setting up the breach of any condition of the policy when at the time of its issue it knew that the condition was inconsistent with the facts, and the assured has been guilty of no fraud. * * * When the insurer issues a policy to the assured without any written application, containing conditions inconsistent with the risk, * * * it is estopped from setting up a breach of such conditions in defense to an action upon the policy." Wood on Fire Ins., sec. 497.

The rules thus stated are sustained by many adjudicated cases. Richmond v. Fire Ins. Co., 79 N. Y., 239; Ames v. Ins. Co., 14 N. Y., 262; Van Schoick v. Ins. Co., 68 N. Y., 434; Bennett v. Ins. Co., 81 N. Y., 273; Ins. Co. v. Olmstead, 21 Mich., 253; Ins. Co. v. Fay, 22 Mich., 473; Ins. Co. v. Lewis, 30 Mich., 46; Miner v. Ins. Co., 27 Wis., 698; Roberts v. Ins. Co., 41 Wis., 321; Smith v. Ins. Co., 49 Wis.,

322; N. P. Ins. Co. v. Harmer, 2 Ohio St., 452; Andes Ins. Co. v. Shipman, 77 Ill., 193; G. F. Ins. Co. v. McKee, 94 Ill., 499; Mershon v. Ins. Co., 34 Ia., 89; Ins. Co. v. Lyons, 38 Tex., 271.

Under the facts shown to have existed, it must be held that the appellant, by receiving the premium for insurance with knowledge of the true state of the title of the property insured, is estopped from denying the right of the appellee to recover, on the ground that the interest of the assured in the property was other than the entire, unconditional and sole ownership, for his own use and benefit.

That Alexander and Ende were general agents, under the evidence, does not fairly admit of controversy, and if it was thought that the charge of the court was not sufficiently full in this respect, an instruction should have been asked. Miner v. Phœnix Ins. Co., 27 Ia., 698.

It is urged that the court erred in the seventh paragraph of his charge, which is as follows: "If you believe from the evidence before you that the building described in the policy sued on was not destroyed by fire, you will find for the defendant. In this connection you are instructed that before the plaintiff can recover, it must appear from the evidence to your satisfaction, that the fire caused the destruction of the building. If the building fell down before it was burned, and the fire occurred after the building fell down, and if you so believe from the evidence before you, you will find for the defendant. If the evidence satisfies you that the building was on fire before it fell, and that such fire caused the fall of the building, then you should find for plaintiff as previously explained in the first paragraph of these instructions."

The charge certainly stated the law applicable to the case correctly, and imposed upon the appellee a necessity for establishing his case by a degree of evidence not simply preponderating, but by such testimony as should be satisfactory to the jury, which might be understood to mean more than a mere preponderance of evidence.

If it was thought that the charge was not sufficiently full or clear as to the burden resting upon the appellee to show that the loss resulted under such facts as would fix liability upon the appellant, then additional instructions should have been asked. None were asked, and we see nothing in the charges given to induce the belief that the jury were misled in this respect.

It is claimed that the court erred in giving the following instruction: "You are the exclusive judges of the weight of the evidence before you, and of the credit to be given to the witnesses who have testified in the case. If there is a conflict in the testimony you must reconcile it if you can. If not, you may believe or disbelieve any wit-

·ness or witnesses, according as you may or not think them entitled to credit. In civil cases juries are authorized to decide according as they may think the evidence prepondearates in favor of one side or another.''

This charge did not authorize the jury to arbitrarily discredit any witness, but simply informed the jury, in a case in which the evidence was conflicting, that in the exercise of their judgments they might discredit any witness as they might or not think them entitled to credit.

It did not undertake to instruct the jury upon what particular ground they might discredit any witness, nor did it carry an intimation to the jury that there was reason for discrediting the witnesses .for the one or the other party.

The charge given was in most respects similar to the charge given in Ridens v. The State, 41 Tex., 200, which, even in a criminal cause, was held not to be erroneous.

Under the instructions given the jury must have found the facts necessary under the charge to entitle the plaintiff to recover were established by a preponderance of the evidence, for there was nothing in the entire instructions which could have induced the jury to believe that the plaintiff was relieved from the burden of establishing his case as made by the pleadings.

We find no error in the judgment, and it will be affirmed.

AFFIRMED.

[Opinion delivered November 13, 1885.]