NICHOLS & CO. *r.* SUN MUTUAL INSURANCE CO. OF NEW
ORLEANS.

FIRE INSURANCE.   *Cyclone.   Fallen building.   Non-liability.*

> Under a policy providing that if a building fall, except as the result of
> fire, insurance thereon or on its contents shall immediately cease, the
> assured cannot recover where, in a cyclone, the building falls, and fire,
> which destroys the property, breaks out as the result of the fall.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

Action by appellants against appellee on a fire insurance
policy covering a stock of merchandise in a certain building
in the town of Robinsonville, Tunica county, Miss.   The
declaration averred that the building was sound and well
constructed, able to withstand all ordinary storms and cy-
clones, but that it was struck by a cyclone of great and un-
precedented force, and thrown prone upon the ground, and
that less than five seconds thereafter it took fire from lamps
which were therein lighted and burning, and that such fire
destroyed the insured property.   Filed with the declaration
was a copy of the policy, in which the defendant contracted
to indemnify plaintiffs " against all direct loss or damage by
fire," and containing, among others, this clause: " If a
building, or any part thereof, fall, except as the result of
fire, all insurance by this policy on such building or its con-
tents shall immediately cease."

The defendant demurred, on the ground that the declara-
tion showed that the building had fallen and the insurance
ceased before the fire originated.   From a judgment sustain-
ing the demurrer and dismissing the case, plaintiffs appeal.

*Calvin Perkins,* for appellants.

Words are to be taken in that sense in which they were
most probably understood by the person to whom they were

addressed, or most strongly against the party using them. *Greenwood* v. *Ligon*, 10 Smed. & M., 615.

If an exception in a policy be capable of two interpretations equally reasonable, that must be adopted which is most favorable to the assured. *Insurance Co.* v. *Cropper*, 32 Pa., 351, s.c. 75 Am..Dec., 561 and note; *Rankin* v. *Insurance Co.*, 89 Cal., 203, s.c. 23 Am. St. R., 463 and note; *Weidert* v. *Insurance Co.*, 20 Am. St. R., 826, note; *Insurance Co.* v. *Dorsey*, 56 Md., 70, s.c. 40 Am. R., 405. After a very careful search, we have been unable to find any decision directly in point. The one approaching nearest to the case at bar is *Dows* v. *Insurance Co.*, 127 Mass., 346, s.c. 34 Am. R., 384. In that case it was said by the court that a clause similar to the one under consideration appeared to have had in view the case of a building falling by reason of inherent defects, or by the withdrawal of the necessary support, as by digging away the soil. The court was not willing to base its judgment entirely upon the view that there was a conflict between the provision of the policy, on the one hand, that the company was to be liable for the damage done by a fire ensuing upon an explosion, and, on the other, that it was not to be liable if the building should fall. The court considered it necessary to construe the falling clause, and came to the conclusion that it had reference to inherent defects, but thought it might perhaps include the case of a building thrown down by a storm, flood or earthquake. It seems to us that the word fall is made out to be of ambiguous meaning when so learned a court was of the opinion that it had reference to inherent defects. and might perhaps include buildings thrown down by a storm or flood.

The contention of appellants is that the provision of the policy in question had in view the case of a building falling by inherent defects, and that it does not embrace the case of a building thrown down by any exterior force. If I am right in assuming that fire, as applied to this subject-matter, is an exterior force, it excludes the idea that the

word fall is used in the sense of falling from inherent defects, and we must assume that it was used in that sense. The contention is that it was also used in some additional sense.

We are not driven to the necessity of establishing that our construction that the clause relates to inherent defects, is better than that of appellee; nor is the burden on us to establish that both parties to the contract so understood the language. If we show that the language is fairly susceptible of our construction, and that, according to the subject-matter and general object and intent of the parties, it is most probable that the assured so understood the contract, then we are entitled to judgment.

A building is shaken down or thrown down by an earthquake; it falls if it is badly constructed, or from decay or by the withdrawal of the necessary supports, as by digging away the soil, and, in the latter instance, it is more proper to say that it was thrown down. A wall is blown up to prevent the spread of a fire; a building is blown down by a hurricane or cyclone, and it is knocked down or crushed by the falling of a larger building upon it.

*F. A. Montgomery, Jr.*, for appellee.

1. Even without the fallen building clause, the general rule is well settled that an insurance company is liable only for a loss, the proximate and efficient cause of which is fire. Woods on Fire Insurance, §§ 100, 114; Phillips on Insurance, § 625; *Nave* v. *Insurance Co.*, 90 Am. Dec., 394.

2. But the clause in the case at bar is so plain and unambiguous as to leave no room for construction. The words are to be construed according to their ordinary signification. Woods on Fire Insurance, § 57.

The fire was not the cause of the fall; *the fall was the cause of the fire.* The condition of the policy is conclusive upon the assured. *Ghio* v. *Assurance Co.*, 65 Miss., 532.

If, as contended by opposite counsel, the condition should be held to apply only to cases where a building shall fall by

reason of some inherent defect, this would have been specified. The language is that the insurance shall cease if the building shall fall, except as the result of fire.

The word fall has no doubtful meaning. There is only one force which causes an object to fall, and that is the attraction of gravitation. A cyclone does not travel in the direction of the ground, but sweeps across the earth, and when a building is shaken by its force it falls. The same may be said of a house shaken by an earthquake or an explosion.

The courts have invariably held that the clause in question includes every case in which a building falls by reason of extraneous force. The only case in which a *dictum* is favorable to the view taken by counsel is that of *Dows* v. *Insurance Co.*, 34 Am. R., 384.

In support of our contention, we cite Woods on Fire Insurance, §§ 100, 114; *Insurance Co.* v. *Dorsey*, 40 Am. R., 403; *Huck* v. *Insurance Co.*, 34 Am. R., 373, note; *Bruener* v. *Insurance Co.*, 51 Cal., 101; *Insurance Co.* v. *Tweed*, 7 Wall., 44; *Insurance Co.* v. *Ende*, 65 Tex., 118; *Insurance Co.* v. *Troy*, 77 *Ib.*, 225; *Insurance Co.* v. *Crunk*, 91 Tenn., 376.

*L. P. Cooper* and *Turley & Wright*, on the same side.

We refer the court to the opinion in the leading case of *Nave* v. *Insurance Co.*, 37 Mo., 430, s.c. 90 Am. Dec., 394. That case was decided on a policy which did not contain the fallen building clause. Since that time insurance companies have inserted this clause in their policies, and the same has uniformly been upheld. *Insurance Co.* v. *Sholom*, 80 Ill., 558; *Bruener* v. *Insurance Co.*, 51 Cal., 101; *Huck* v. *Insurance Co.*, 127 Mass., 306; *Insurance Co.* v. *Ende*, 65 Tex., 118; *Insurance Co.* v. *Crunk*, 91 Tenn., 376; 13 S. W. R., 980.

The inherent defect of the argument of opposite counsel is demonstrated by the very terms of the policy, which provides that if the building shall fall, *except as the result of fire*, the insurance shall immediately cease. No broader terms could be used, and the language must be taken in its ordinary sense.

The construction for which we contend, is adopted by the supreme court of Tennessee in the case of *Insurance Co.* v. *Crunk*, which is the only reported case where the building was blown down in a cyclone.

CAMPBELL, C. J., delivered the opinion of the court.

The judgment is right. The stipulation of the policy is unmistakable, to the effect that if a building fall, except as the result of fire, insurance was immediately to cease. The building fell, not as the result of fire, and fire broke out as the result of the fall of the building. Therefore, the insurer was not liable for the loss. " The fire did not produce the fall, but the fall produced the fire, and the destruction was by the former," etc. 2 May on Insurance, § 412; Ostrander on Fire Insurance, § 248; Wood on Fire Insurance, § 85; *Insurance Co.* v. *Congregation*, 80 Ill., 558; *Insurance Co.* v. *Ende*, 65 Texas, 118, and other cases cited in the text-books.

*Affirmed.*