### German Insurance Company v. M. J. Everett.

Delivered March 5, 1898.

**1. Fire Insurance—Waiver.**

An insurance company which delivered a policy, with full knowledge of the facts upon which its validity may be disputed, can not afterwards set up such facts as a ground for avoiding the policy.

**2. Principal and Agent—Knowledge of Agent.**

An insurance company is chargeable with knowledge of an incumbrance upon the property possessed by a soliciting agent appointed by its general agents, where such subagent had authority to make out and forward applications for insurance, to deliver policies when executed, and collect and transmit premiums, and exercised such authority in the particular case, although he had no authority to sign policies.

**3. Same—Measure of Damages—Partial Loss.**

The measure of damages in an action upon a policy of insurance where there has been a partial loss of the insured building is the difference between the value of the building whole and damaged, within the amount of the policy.

**4. Same—Statute as to Insurance Agent.**

A soliciting agent authorized to make out and forward applications for insurance, to deliver policies when executed, and to collect and transmit premiums, is within the contemplation of article 3093, Revised Statutes, defining who are agents of insurance companies doing business in the State, although he has no authority to sign policies.

**5. Same—Pleading Stipulations.**

An insurance company which seeks to avail itself of a provision of the policy that the loss is to be estimated according to the cash value of the property at the time of the fire, and that the cash value of any property damaged by fire shall in no case exceed what would be the cost of replacing the property, to vary the usual measure of damages, namely, the difference between the value of the insured building whole and damaged, must plead the same, such provision not being a condition precedent.

**6. Same—Appraisement Waived.**

An insurance company can not avail itself of a provision of the policy for an appraisement of the loss which contemplates a demand in writing for an appraisement, where it failed to make such a demand, although the parties disagreed as to the amount of the loss.

Appeal from Dallas. Tried below before Hon. Edward Gray.

*Oeland & Brown,* for appellant.

*G. G. Wright,* for appellee.

BOOKHOUT, Associate Justice.—This is a suit brought by appellee against appellant on three fire insurance policies, issued to her by the German Insurance Company. One of the policies was on a dwelling-house, and was issued on January 6, 1894, insuring her in the sum of

$900 against loss on it, for the period of one year from the date of its issuance; the other two were upon the household furniture and property situate in the insured dwelling. One of them was issued on March 6, 1894, for $800, and the other on June 15, 1893, for $500, and ran for twelve months from their respective dates. Appellee alleged that she was on the several dates of the policies, and had been for some time prior thereto, the owner of the property covered by them. That the personal property was about the value of $2200, and that while situated in the insured building on March 26, 1894, a part of it amounting to about $1466 was destroyed by fire, that a part of the property was saved but was damaged to the amount of $120.50, which was the agreed damage. Itemized lists of the property destroyed, the value of each item set opposite, and of damages to property, showing damage assessed, are attached as exhibits to the petition. That the house was destroyed by fire and the personal property in it was of the value of $1600. That the loss under the several policies was not caused directly or indirectly by any of the causes included by them, nor by the fault of the appellee. That the property was owned by Mrs. M. J. Everett at the time it was destroyed by fire; that soon after the fire appellee gave notice and furnished proofs of loss as required under the several policies, and that she was the legal owner and holder of the policies of insurance; and that the amount of said policies had long since been due and unpaid. Judgment was prayed for the several sums mentioned in the policies, aggregating $2200, with interest thereon. The three policies were attached as exhibits and made a part of the petition.

Appellant answered by general demurrer, general denial, and specially, that each of the policies contains the following condition or stipulation: "If the interest in the property insured be a leasehold, rental, mortgagee's, or undivided partnership interest, or a building standing upon leased ground, or not the absolute, sole, and unconditional ownership, or if the property above described is incumbered in any manner, it must be represented to this company, and expressed in this policy in writing, otherwise this insurance contract shall be void and of no effect." That appellee was not the sole, absolute, and unconditional owner of the property at the time the policy was issued, and that it was incumbered when the policy was issued. A policy should not be binding upon a company until the premium is actually paid, nor unless such payment is made before the fire occurs; that the premiums and consideration for the policies, or either of them, has never been paid, or no part thereof, by reason of which each policy is rendered void.

Appellee by supplemental petition, denied the matter set up in the answer of appellant, and averred that if there was any mortgage or incumbrance on said policy, appellant and its agents knew all about it at the time and before the execution of the policy of insurance sued on; that she notified appellant of whatever mortgage there was existing, and the policy was issued with full knowledge of all incumbrances of every character and description on the property. That the $800 policy sued

on was a renewal policy of the same amount, in the same company, and was issued upon the request of plaintiff, and was delivered by defendant placing the same under the door of plaintiff's residence; that plaintiff sent the money to defendant's agent, at Dallas, but on account of an accident to the bearer thereof, it was not delivered; that appellant never demanded payment of said premium, which appellee was at all times ready and willing to pay.

That at the time the insurance was given to appellant through its agent, appellee stated that she used a gasoline stove, that the agent investigated the stove, and stated that he would put a gasoline permit in said policies sued on, and that when said agent delivered said policies to appellee the gasoline permit was pasted on the face of each of said policies; that said agent knew that appellee used a gasoline stove in which she burned gasoline before the issuance of said policies, and said agent told her it was all right to use it; that the gasoline was kept in a house some distance from the dwelling; that she never contributed in any manner to the destruction of said property.

The cause was tried before a jury, and resulted in a verdict and judgment for plaintiff for the sum of $1887.65. Appellant's motion for new trial being overruled, it has duly prosecuted this appeal. This is the second appeal of this case. For the opinion on the first appeal, see 36 Southwestern Reporter, 125.

Appellant's first assignment of error complains of the court's refusal to give to the jury the special charge requested by it, to the effect that the house covered by the $900 policy of insurance was incumbered by a mortgage, and if this fact was unknown to the defendant company, then such incumbrance rendered the policy void.

The policy contained a clause, in effect, that if the property be incumbered in any manner it must be so represented to the company and expressed in the policy in writing, otherwise the insurance contract shall be void and of no effect. Appellant pleaded that the house insured by one of the policies was incumbered by a mortgage for $900 at the time the policy was issued, which was unknown to the insurance company, and that by the terms of the contract this incumbrance rendered the contract void.

The plaintiff replied to this plea that she made known to the defendant's agent at the time he solicited the insurance the mortgage on the house, and that by the execution and delivery of the policy defendant waived the same.

It is held, if an insurance company delivers a policy, with full knowledge of the facts upon which its validity may be disputed, that the company can not afterward set up these facts as a ground for avoiding the policy. May on Ins., secs. 497, 498; Wood on Fire Ins., sec. 497; Insurance Co. v. Ende, 65 Texas, 119.

It is insisted by appellant in this case that it had no notice of the incumbrance, and that the above principle can not be invoked.

The evidence in reference to the notice of the incumbrance is as fol-

lows: Lee Lacy was authorized by the general agents of the appellant insurance company to solicit insurance for the company. He would take applications, report them to the general agents at Dallas, the policies would be executed by the general agents, and then delivered to the assured by Lee Lacy, who would collect the premiums. He received a commission, which was paid by the general agents. He had no authority to sign policies. He solicited the insurance from appellee for the three policies involved in this suit, he inspected the furniture and house, and reported the three respective applications, each of a different date, to the general agents, who executed the policies, and they were then delivered by Lee Lacy to the assured, and the premiums collected by said Lacy and turned over to the general agents. The evidence does not show whether the applications were oral or in writing. When the application for insurance on the house was taken the appellee stated that she wished a gasoline stove permit attached to the policy. This was done. She further informed Lee Lacy of the incumbrance upon the property, and the amount of same.

Was the scope of Lee Lacy's authority, real or apparent, such as that notice to him of an incumbrance upon the house at the time he was soliciting insurance and securing an application for insurance thereon, would amount to notice to the company? This seems to be the test as laid down by a late textwriter. Joyce on Ins., sec. 398.

It is held in Iowa, that where an insurance company transacts business through an agent having authority to solicit, make out, and forward applications for insurance, to deliver policies when executed, to collect and transmit premiums, notice given to such an agent when engaged in procuring an application will operate as notice to the company, and the company will be bound by acts done by the agent in respect to the business which he is transacting. Miller v. Ins. Co., 31 Iowa, 216.

Facts not as strong as these were held sufficient to show agency in the case of Insurance Company v. Sammons, 110 Illinois, 100. See also Insurance Co. v. Hartwell, 24 N. E. Rep., 166; Kister v. Insurance Co., 128 Pa. St., 553; 15 Am. St. Rep., 94; Meadowcraft v. Insurance Co., 61 Pa. St., 94; Arff v. Insurance Co., 125 N. Y., 57; Bodine v. Insurance Co., 51 N. Y., 117; Rowley v. Insurance Co., 36 N. Y., 550.

We think the undisputed facts proven in this case, above set out, make Lee Lacy the agent of the insurance company in the matter of insuring the appellee's property, and that notice to him, while engaged in procuring the insurance, of the incumbrance upon appellee's house was notice to the company, and that appellant is estopped from setting up such incumbrance to defeat a recovery upon the policy. May on Ins., sec. 498; Insurance Co. v. Camp, 71 Texas, 506; Insurance Co. v. Ende, supra; Morrison v. Insurance Co., 69 Texas, 353. We overrule appellant's first and second assignments of error for the reasons above stated.

Appellant's third assignment of error complains of the measure of damages laid down by the court as to the loss sustained to the house covered by the $900 policy.

The house was not a total loss. The court instructed the jury, in effect, to find for plaintiff the difference between the value of the house insured, immediately before the fire, and the value of such of the same as remained after the fire, and which the jury may find was adaptable and valuable for rebuilding said house, not to exceed the amount of the policy.

Appellant contends that the measure of the damages is the cost of rebuilding or repairing said house, and requested a special charge embracing this rule, which the court refused.

The rule laid down by the court in its general charge seems to be the true rule for the measure of damages where there has not been a total loss of the building insured, i. e., the difference between the value of the house whole, and damaged, within the amount of the policy. 2 Sedg. on Meas. of Dam., 8 ed., sec. 722; Hoffman v. Insurance Co., 1 La. Ann., 216; Insurance Co. v. Taylor, 14 Col., 499, 20 Am. St. Rep., 281; Insurance Co. v. Johnson, 11 Bush., 587.

The court did not err in refusing to give the special charge requested, made the ground of appellant's fifth assignment of error, and we overrule same. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### Delivered April 16, 1898.

Appellant has filed a motion for rehearing in this cause, in which it is contended that this court erred in its conclusion that the undisputed testimony shows that in the procuring of the insurance Lee Lacy was the agent of the insurance company, and that notice to him while procuring the insurance of the incumbrance upon the house of appellee was notice to the company.

We have carefully examined the authorities referred to by appellant, and adhere to our former opinion. We were of the opinion that the evidence was sufficient to establish the fact of the agency of Lee Lacy under the law of agency, and hence did not place our opinion upon the statute (Sayles' Civil Statutes, article 3093) defining who are agents of insurance companies doing business in this State. A majority of this court were and still are of the opinion that this statute is applicable to this case, and that by virtue of it Lacy was the agent of the company; and that, even if under the principles of agency he was not the company's agent, this statute made him such. See also opinion on former appeal of this case, 36 Southwestern Reporter, 125. Mr. Finley, Chief Justice, does not agree to this construction of the statute, but concurs in the result of the decision.

Appellant contends that the rule as to the measure of damages laid down in the opinion of the court is not applicable in this case, because by the terms of the policy a different measure is there agreed upon, in

that it is agreed that the loss is to be estimated according to the cash value of the property at the time of the fire, and that the cash value of any real or personal property damaged by fire shall in no case exceed what would be the cost of replacing such property.

Without deciding whether this clause of the policy would, in a case of this kind, when properly set up and relied upon, be given effect by the courts, we are of the opinion that the clause is not specifically pleaded by the defendant in this case, and it can not raise the question for the first time in this court. Appellant did plead that the appellee (plaintiff below) had repaired the house at an expense of $450, that the value of the material used in repairing same was worth $500, and that defendant was entitled to a credit on its policy of $500, if judgment be recovered against it.

We do not think that this answer raises or was intended to raise a defense under the clause of the policy that in case of loss by fire the cash value shall in no case exceed the cost of repairing the property. The answer did not set up the clause of the policy, nor did the answer state the cost of repairing the property. If appellant desired to put its defense upon a clause in the contract made for its benefit, and not in the nature of a condition precedent, it should have specifically set up such clause. 4 Joyce on Ins., sec. 3691.

The court did not err in refusing appellant's special charge on the question of appraisement. The insurance company did not, as stipulated by the policy, make any demand in writing for an appraisement. The plaintiff's son and the general agent of the defendant, and another party, went over a part of the damaged property and agreed upon the damage to same. They then disagreed, and further adjustment ceased. If it be contended that this was a demand for arbitration and a submission, there is no reason shown why the general agent and the third party did not proceed under the submission to ascertain the damage. The record does not show that they were prevented by the assured.

We do not think the motion presents sufficient reason for granting a rehearing, and the same is denied.

*Overruled.*

Writ of error refused.