MECCA FIRE INS. CO. v. SMITH.

(Court of Civil Appeals of Texas.   March 4, 1911.   Rehearing Denied March 18, 1911.)

1. INSURANCE (§ 95*)—AGENTS—KNOWLEDGE OF AGENT—EFFECT.

Notice to an agent of a fire insurance company who receives applications for insurance, inspects the property, determines the rate, fills out the blanks sent him by the company, countersigns and delivers the policies, and collects the premiums of an incumbrance on property insured acquired in the transaction of the business of the company, is notice to the company.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 125; Dec. Dig. § 95.*]

2. INSURANCE (§ 389*)—FIRE INSURANCE—ESTOPPEL.

Where a fire policy is delivered with full knowledge of the facts on which its validity may be disputed, insurer is estopped from asserting such invalidity.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1028–1031; Dec. Dig. § 389.*]

3. INSURANCE (§ 376*)—FIRE INSURANCE—ESTOPPEL.

Where an agent of an insurance company who received applications for insurance determined the rate, filled out the blanks, countersigned and delivered the policies, collected the premiums, and reported to the company, learned that the property of an applicant for a policy was incumbered by a vendor's lien, and delivered a policy stipulating that the policy should be void if the interest of insured was other than unconditional and sole ownership, the company waived the incumbrance, and was estopped from relying thereon to defeat the policy, though it stipulated that no agent could waive the provisions of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 952–955; Dec. Dig. § 376.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by T. I. Smith against the Mecca Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

W. L. Eason, for appellant.   Curtis Hancock and John W. George, for appellee.

BOOKHOUT, J.   The appellee sued the appellant in the district court of Dallas county on a fire insurance policy. The court instructed a verdict for the appellee for the full amount of the insurance. Appellant pleaded that the contract was void and the insurance forfeited, in that the plaintiff below was not the unconditional and sole owner of the property at the time of the fire. Appellee answered by supplemental petition that the defendant's agent, H. B. Jordan,

had knowledge of said incumbrance, that the defendant had waived the provision in the policy, and that it was estopped from setting up a denial of liability, and that the said H. B. Jordan acted with full authority in the issuance of said policy; that the premium was collected by him; that the policy was written out, issued, and delivered to the insured by said agent; and that the defendant was estopped from denying that H. B. Jordan was its agent at the time of the issuance of the policy. The property insured consisted of the dwelling house and barn belonging to Smith, the plaintiff; the amount on the house being $600 and $500 on the barn, a total of $1,100. The plaintiff introduced in evidence the deed to the property on which said dwelling house and barn were located. This deed retained a vendor's lien to secure certain notes therein described, aggregating $2,000. The policy in paragraph 1 stipulated that: "If the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance or any part thereof be a building on ground not owned by the insured in fee simple, or if the subject of insurance or any part thereof be realty and the same or any part thereof be or become incumbered by a lien of any nature whatsoever," the policy was to be void.

The only testimony in the case was that of the plaintiff himself and of H. B. Jordan, the agent of the company that issued the policy. The plaintiff testified: "The vendor's lien that is in the deed to the property is not due now. The notes are not due. Mr. H. B. Jordan had knowledge of the existence of this vendor's lien on this property prior to the time the policy was issued. I know that, because we had talked about it, Mr. Jordan and I. He and I were pretty good friends, and, when he approached me, I talked pretty plain to him. I told him that I was in poor shape to take out insurance, that I had vendor's lien notes against my place, and that I had a good deal of indebtedness, paying on the loan, and that I did not feel able to take out insurance. We talked more than once about it." H. B. Jordan, the agent for the company, testified: "I knew of some incumbrance on that property at the time I issued the policy. I do not know whether I had forgotten it or not, but do not think I had. I do not know whether I reported to the company next morning that there was no incumbrance on the property. If I did, it was an error on my part. I now tell this jury that prior to the issuance of the policy I had known that there was an incumbrance on this particular piece of property." Again, the said agent testified: "I got those blank forms from the company. They sent me several at the time, and I filled out the policies as the applicants came in, and [I] signed them. The application for this policy was verbal. * * * I just write

---

out the policy to cover the property that they want to cover, and deliver them to the applicants. I knew Mr. Smith was to get that No. 17036 because the policies are numbered. They are numbered and sent to me by the company, several at a time, I think something like 20. I do not report the application to the company before the policy is issued. I make the inspection of the property. We have a rating that we go by. Of course, I fix the rate at the time, according to its condition, and I determine the amount of the premium to be collected in a given case. I did so in this case. I reported it to the company on the same day, after the policy was issued. I went out late that afternoon. Then I came back, and delivered the policy the next morning. The premium was paid then by Mr. Smith, and this is the policy. The signature of the president and secretary-treasurer are printed on the policy. The agent signs 'H. B. Jordan, Agent,' in writing, and inserts the date of issuance of the policy." It appears from this evidence that the agent, Jordan, was representing the company as its agent at Lancaster, Tex., the main office being at Waco, Tex. The company is a Texas corporation.

In transacting the business of appellant at Lancaster, H. B. Jordan, the agent, received applications for insurance, inspected the property, determined the rate, filled out the blanks sent him by the company, countersigned and delivered the policy, collected the premium, and made report to the company. He was, in effect, the company itself in the conduct of its business by him. He was such an agent as that notice to him of an incumbrance upon property insured acquired in the transaction of the business of the company was notice to the company. Insurance Co. v. Ende, 65 Tex. 124; Insurance Co. v. Camp, 71 Tex. 503, 9 S. W. 473; German Insurance Co. v. Everett, 18 Tex. Civ. App. 514, 46 S. W. 95. It is held in this state that to deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as ground for avoidance is an attempt at fraud. This the courts will neither aid nor presume. Under such facts, the insurer is estopped from setting up an incumbrance on the property to avoid a recovery, of which incumbrance it had full knowledge at the time of issuing and delivering the policy. Insurance Co. v. Ende, supra.

In the case of German Insurance Company v. Everett, above cited, this court held that, as to notice, a soliciting agent authorized to make out and forward applications for insurance, deliver the policies when executed, collect and transmit premiums, was such an agent as notice to him of an incumbrance on the property insured at the time of delivering the policy was notice to the company. A writ of error in that case was refused by the Supreme Court. The authority exercised by the agent Jordan was much broader than that shown to exist on the part of the soliciting agent in the Everett Case.

It is clear, under the facts, the company waived the incumbrance on the property insured, and is estopped from setting up such incumbrance to defeat the policy, and this is so, although the policy contained a stipulation "that no agent or other representative of the company, except the secretary, shall have the power to waive the provision of the policy as shown." It follows that the trial court did not under the undisputed facts err in instructing a verdict for plaintiff.

The judgment is affirmed.