## HAWKEYE SECURITIES INS. CO. v. CASHION et al. (No. 40.)

(Court of Civil Appeals of Texas. Eastland. May 17, 1925. Rehearing Denied Dec. 18, 1925.)

**1. Judgment ⊜⇒256(6)—Judgment based on jury's answer to special issue held erroneous.**

Where, in action on policy to recover for household good destroyed by fire, jury made no finding as to amount of damage or value of goods before and after fire, court was not justified in giving judgment for $1,250, based on answer of jury that reasonable value of property damaged and destroyed was $1,500.

On Motion for Rehearing.

**2. Pleading ⊜⇒382(1)—Defendant may prove any and all defensive matters under general denial.**

Defendant, under a general denial, may prove any and all defensive matters.

**3. Trial ⊜⇒350(4)—Refusal to submit requested special issue as to property damaged but not destroyed by fire held error.**

In action on policy for value of household goods destroyed by fire, pleadings and evidence *held* to raise issue as to property damaged by fire, but not wholly destroyed, and refusal to submit requested special charge on such matter was error.

Appeal from District Court, Eastland County; George L. Davenport, Judge.

Action by Mrs. Velma Cashion and husband against the Hawkeye Securities Insurance Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

E. G. Senter, of Dallas, for appellant.
J. D. Barker, of Cisco, for appellees.

LITTLER, J. This suit was brought by Mrs. Velma Cashion, joined by her husband, to recover the alleged value of household effects destroyed by fire on the 7th day of December, 1923, and alleged to have been covered by a policy of insurance in the sum of $1,250 issued by defendant.

The defendant answered by general denial, and by special plea, in substance, that the policy sued on contains a provision that it shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance of the subject thereof. The answer declares a breach of this provision of the policy, and alleges particularly that the value of the property insured was grossly and materially overstated by the insured at the time the policy was issued.

The case was tried upon special issues as follows:

Special Issue No. 1: "Did Mrs. Velma Cashion present to John I. Chesley, agent for the defendant company, after the fire in evidence in this case, an itemized statement of loss, sworn to by her, as pleaded by the defendant in this case? Answer Yes or No." Answer: "Yes."

Special Issue No. 2: "If you have answered the above question in the affirmative, then answer: Was such statement presented by Mrs. Velma Cashion to said John I. Chesley for the purpose of procuring the payment by the insurance company of the $1,250 insurance provided for in the policy offered in evidence in this case, for loss sustained on household goods, clothing, furniture, etc.? Answer Yes or No." Answer: "Yes."

Special Issue No 3: "If you have answered special issue No. 1 in the affirmative, then answer: Was such statement, as presented by Mrs. Velma Cashion to John I. Chesley, substantially true as to items? Answer Yes or No." Answer: "Yes."

Special Issue No. 4: "If you have answered special issue No. 1 in the affirmative, then answer: Was such statement, as presented by Mrs. Velma Cashion to John I. Chesley, substantially true as to values? Answer Yes or No." Answer: "Yes."

Special Issue No. 5: "What was the reasonable value of the property owned by plaintiffs, damaged and destroyed by fire on December 24th, A. D. 1923? Answer in dollars and cents." Answer: "$1,500."

Upon the findings of the jury, thus made special issues, the court rendered judgment in favor of plaintiffs against defendant for the sum of $1,250, with interest from the 4th day of April, A. D. 1923, at the rate of 6 per cent. per annum.

Appellant has four assignments of error; however, we will only discuss assignments Nos. 3 and 4, as we consider Nos. 1 and 2 not well taken. Assignment No. 3 is as follows:

"The court erred in refusing to give to the jury defendant's special charge No. 1, which was as follows: 'If you find that any household goods, clothing or furniture was damaged by fire, but was not wholly destroyed in the fire, upon which plaintiff is suing in this case,

and you find that defendant is liable in damages to said plaintiff, then the measure of damages under this contract is the difference between the value of the property whole and damaged, within the amount of the policy.' "

The statement of facts filed in this cause show that three witnesses, to wit, E. O. Hendricks, W. H. Norton, and R. F. Bettis, testified that they examined the buildings upon the night of the fire, and that there were two rooms in the building not damaged by fire, but that the furniture and clothing in said rooms were smoked and damaged by water; and the said Bettis further testified that in the northwest room everything was in good shape. We are of the opinion said testimony presented issue of fact, and that the trial court erred in refusing to give special charge No. 1 offered by defendant, as said charge presented the true measure of damages. German Insurance Co. v. Everett, 18 Tex. Civ. App. 514, 46 S. W. 95.

[1] Appellant complains of the action of the court in giving judgment against appellant for the sum of $1,250, same being based upon the answer to the jury in special issue No. 5, for the reason that it appears from said special issue and the answer thereto that the jury placed the value of the property, belonging to plaintiff, burned and damaged, at $1,500, and there are no findings of the jury as to the amount of damage or the value of the goods before and after the fire; but it was error for the court to base his judgment of the damage of $1,250 upon the answer to special issue No. 5.

We conclude that the court was not justified in giving judgment for $1,250, based upon the answer of the jury to special issue No. 5.

We do not deem it necessary to consider any further assignments of error, as they perhaps will not arise upon another trial of this cause.

On account of the errors above cited, the case is reversed and remanded.

### On Motion for Rehearing.

[2, 3] Appellees earnestly insist that we erred in our holding that the trial court erred in his refusal to submit to the jury special instruction No. 1, as requested by appellant.

"The court erred in the above holdings, for the reason there is no pleadings in the record made by the appellant in the trial court on which to base the proof that said damaged goods had a value. It is an elementary principal of law that he who seeks to establish an affirmative fact must plead the case before he can prove it; in this case there is no allegation, either directly or indirectly, that there were any damaged goods at all, or that such goods had any value."

This assignment of error would have to be sustained if consistent with the facts in this particular case.

Defendant answered by general demurrer, plea of not guilty, and general denial. Under a general denial the defendant would be permitted to prove any and all defensive matter.

On page 89 of the statement of facts we find the following statement in the affidavit made by the plaintiff Mrs. Velma Cashion:

"The following is a list of household goods, total loss and partial damage by fire on December 24, 1923, at 7:30 p. m., This list is furnished for the purpose of collecting insurance under Hawkeye Securities Insurance Company policy No. 5027, issued to myself, Mrs. Velma Cashion."

Then again, on page 92, statement of facts, plaintiff swears, in effect, that the value of goods entirely destroyed was $1,673, and value of goods damaged was $217.

Hence we conclude that both the pleadings and evidence were not only sufficient to justify the court in giving said special requested charge, but that it was error to refuse to give same.

Motion for rehearing overruled.