## HOME INS. CO. OF NEW YORK v. SHEPHERD et al.

### No. 1409.

Court of Civil Appeals of Texas. Waco.

Sept. 28, 1933.

Rehearing Denied Oct. 26, 1933.

Neary & Rogers, of Dallas, for appellant.

Seale & Seale, of Centerville, M. L. Bennett, of Normangee, and Bowers & Bowers, of Caldwell, for appellees.

GALLAGHER, Chief Justice.

This appeal is prosecuted by the Home Insurance Company of New York, from a judgment awarding M. A. Shepherd, owner, and J. R. and H. P. Woodson, partners, doing business under the name of Woodson Lumber Company, mortgagees, a recovery against it on an agreed adjustment of a fire loss. Appellee Shepherd, on October 15, 1931, owned a house situated on certain lots in the town of Normangee and occupied the same as a dwelling. He also owned and used in that connection certain household furniture situated therein. Said house and lots were then incumbered with a mechanic's lien to secure an indebtedness owed by Shepherd to the lumber company, the amount of which indebtedness was in dispute. Appellant, on said date, issued to Shepherd a policy insuring him against loss on said building by fire in the sum of $1,500 and against loss on his furniture situated therein in the sum of $500. The premium on said policy was not paid at the time it was issued and appellant's agent retained possession thereof. Shortly after the issuance of said policy, Woodson Lumber Company instituted suit to recover its debt and foreclose its lien on said house and the lots on which the same was situated. On June 21, 1932, the lumber company recovered a judgment against Shepherd in the sum of $999, with foreclosure of mechanic's lien on said house and lots to secure the same. Shepherd, being dissatisfied, prosecuted an appeal from said judgment. On the 12th day of July, 1932, at the instance of the lumber company, appellant's agent attached a rider to said policy making any loss thereunder payable to such lumber company as interest might appear. Thereafter, on August 12, 1932, the lumber company made a payment on the premium due on said policy. On August 27, 1932, the entire building and a part of the furniture covered by such policy were destroyed by fire. Some time thereafter Mr. Burns, appellant's adjuster, took up with Shepherd the settlement of his claims under said policy. An agreement was reached between them that appellant should pay $1,500, the full amount of insurance on the house, and should pay $303 for loss on the furniture, aggregating the sum of $1,803. This agreement was made about September 15, 1932. Shortly thereafter appellant sent to Shepherd a formal proof of loss and he signed the same and delivered it to appellant's local agent. Appellant then issued its voucher, payable to Shepherd and Woodson Lumber Company jointly, for the sum of $1,803, and sent the same to its local agent. Thereafter, about the 8th of October, 1932, Shepherd paid appellant's local agent the balance of the premium due on said policy and said agent gave him a receipt in full therefor. Shepherd and the lumber company could not agree with reference to the division between them of the proceeds of said voucher.

Shepherd then instituted this suit and alleged the issuance of said policy, the loss thereunder, the adjustment of such loss, and the issuance of said voucher, and demanded that said voucher be delivered into court and that the court apportion the proceeds thereof. The lumber company joined in said demand and set out its specific contentions with reference to the disposition of the proceeds of such voucher. Appellant, on being served with citation in this cause, recalled such voucher from the hands of its local agent and same was returned to it. Appel-

lant then filed in the cause its original answer, in which it alleged affirmatively that it had issued such policy of insurance to Shepherd as insured and to the lumber company as mortgagees; that a loss occurred; that it, through its adjuster, agreed with Shepherd and such mortgagees that the amount of loss for which it was liable was the sum of $1,803; and that pursuant to such adjustment and agreement it issued its voucher in said sum, made the same payable to Shepherd and such mortgagees, and sent the same to its local agent for delivery. Appellant, however, pleaded that said policy provided, in substance, that it should be void if before a fire occurred, the insured should obtain or receive information that foreclosure proceedings had been commenced, and that such provision was applicable both to the insured and to the mortgagees, to whom, by the terms of the rider, any loss under such policy was made payable. Appellant further alleged that both Shepherd and such mortgagees had notice of the foreclosure proceedings above recited and failed to notify appellant and obtain its consent that the policy should continue in force notwithstanding same. Appellant further alleged that the adjustment made by its representative Burns with appellees, and the issuance by it of its voucher payable to them for full settlement of their claims under such policy, were done wholly without knowledge of the institution and prosecution of such foreclosure proceedings, and that same could not therefore constitute a waiver of its right to avoid liability under said provisions of such policy. Appellees alleged affirmatively that appellant's local agent, before the fire, had notice of the pendency of such foreclosure proceedings, and that appellant's representative Burns, who made the adjustment and agreement upon the amount of the loss, had such notice before such adjustment and agreement were made.

There was a trial to the court and judgment in favor of both Shepherd and the lumber company against appellant for the sum of $1,500 for loss of the house, and in favor of Shepherd alone against appellant for $303 for the loss on furniture, with interest from date of the judgment at the rate of 6 per cent. per annum. Said judgment contained further provisions with reference to the division of the recovery, which are immaterial in this cause.

### Opinion.

Appellant presents various assignments of error. The principal contention urged therein is that the testimony is insufficient to show a waiver by it of its right to avoid liability on said policy because of the institution by the lumber company of suit to foreclose its mechanic's lien and the prosecution of the same to judgment. Appellees introduced testimony that Shepherd discussed with appellant's local agent the filing of the suit by the lumber company to foreclose its lien on said house and lots, at and about the time such suit was filed and frequently thereafter; that appellant's local agent, after he had attached the rider providing for payment of loss to the lumber company, applied to such company for payment of the balance due on the premium and threatened to cancel the policy if it was not paid; that the lumber company's representative, Mr. Templeman, thereafter paid the balance of the premium due on the house and that at the time of the issuance and attachment of the rider, at the time of making such payment on the premium, and thereafter, he talked to appellant's agent about the lumber company's suit against Shepherd on his mechanic's lien notes on said property; that Shepherd, in a conversation with appellant's adjuster, Burns, at the time of the adjustment and agreement to pay said sum of $1,803 in full of liability on said policy, in reply to an inquiry by Burns with reference to whether there was any incumbrance on the property, stated to him that the lumber company held some notes against it and that one was in litigation, and that appellant's local agent suggested that that was immaterial and that the voucher should be made payable to both Shepherd and the lumber company. Burns did not testify. Appellant's local agent testified that Shepherd had talked to him about the suit ever since it was filed; that he knew at the time he attached the rider to the policy that the lumber company did have a lien on the house, and made the loss clause payable to such company because of that fact. He further testified that he remembered that at the time of the adjustment, Shepherd told Burns that he owed the lumber company on the property; that they had sued him and had a judgment against him. Otherwise his testimony tended to contradict the testimony above recited. Shepherd further testified that after such adjustment appellant sent him proofs of loss in accordance therewith to be executed by him, which he did execute and return to it, and that shortly thereafter appellant's voucher for said sum of $1,803, payable both to him and the lumber company, was sent to appellant's local agent, who refused to deliver the same because of the dispute between the payees over the division of the proceeds. On or shortly before the 8th day of October thereafter, Shepherd paid appellant's local agent that part of the premium on the policy owed for insurance on the furniture covered thereby, and said agent received the same and gave him a receipt therefor. The trial court solved conflicts in the testimony in favor of the contentions of appellees.

Waiver of a ground for forfeiture of

an insurance policy is essentially unilateral in its character, and results as a legal consequence from some act or conduct of the company against whom it operates. No act of the insured is made necessary to complete it. It need not be founded upon a new agreement nor be supported by consideration. Neither is it essential that it be based upon an estoppel. Texas State Mutual Fire Ins. Co. v. Leverette (Tex. Civ. App.) 289 S. W. 1032, 1034, par. 1 (writ refused), and authority there cited.

Knowledge, if any, of the pendency of the foreclosure suit acquired by appellant's local agent in the discharge of his duties in connection with the attachment of the rider to said policy or the collection of premiums thereon, will be imputed to appellant, whether communicated to it or not. Texas State Mutual Fire Ins. Co. v. Leverette, supra (Tex. Civ. App.) 289 S. W. page 1034, par. 4, and authority there cited. Such knowledge, if any, acquired by appellant's adjuster in the process of the adjustment of the loss under such policy, was likewise acquired in the discharge of the duties of his employment, and will be imputed to appellant, whether actually communicated to it or not. Any action of appellant after the acquisition of such knowledge by its said representatives, or either of them, which recognized the continued validity of said policy and its liability resulting from the destruction of the property covered thereby, amounted to a waiver of the right to urge the pendency of said suit as a defense to such liability. Texas State Mutual Fire Ins. Co. v. Leverette, supra (Tex. Civ. App.) 289 S. W. page 1034, par. 2, and authority there cited.

Appellant nowhere questions the authority of Burns to act for it in the adjustment of the loss on the property covered by said policy. When an adjustment has been completed and agreed to by both parties, a new contract arises to pay the amount agreed upon in such adjustment. 26 C. J. p. 413, § 532, and authorities cited in note 28 thereto; Curtis v. Indemnity Company of America, 327 Mo. 350, 37 S.W.(2d) 616, 624, pars. 4 and 5, and authorities there cited. Grounds for forfeiture, if any, of which the adjuster has knowledge or notice at the time, are waived by such adjustment. German Ins. Co. v. Gibbs, Wilson & Co., 42 Tex. Civ. App. 407, 92 S. W. 1068, pars. 10 to 12, inclusive, rehearing denied 42 Tex. Civ. App. 407, 96 S. W. 760 (writ refused); 26 C. J. p. 413, § 532. There was testimony, as above stated, showing that the pendency of foreclosure proceedings was disclosed to appellant's adjuster at the time the adjustment was made. Inquiry on his part would doubtless have developed every detail of such proceedings. Notwithstanding such information, he completed and agreed to the adjustment, and appellant, with imputed knowledge of the pendency of such proceedings, demanded and received from Shepherd formal proofs of loss and issued its voucher for the payment of the amount so agreed upon. Appellee's suit was for the amount agreed to be paid in such adjustment and for which appellant had issued its voucher. The only specific defense urged by appellant in its answer was that the pendency of such proceedings was not known to either its local agent or Burns at the time of such adjustment. There was testimony that such agents did have such knowledge at that time. The court, upon full hearing of the issue, rendered judgment for appellees, and will therefore be considered to have found the same in their favor. Appellant, having waived such ground of forfeiture, could not successfully urge the same to defeat liability in this cause. Texas State Mutual Fire Ins. Co. v. Leverette, supra; German Ins. Co. v. Everett, 18 Tex. Civ. App. 514, 46 S. W. 95 (writ refused); Glenn Falls Ins. Co. v. Bendy (Tex. Com. App.) 58 S.W.(2d) 1, 2, pars. 1 and 2; Liverpool & L. & G. Ins. Co. v. Ende, 65 Tex. 118; Central States Fire Ins. Co. v. Wright (Tex. Civ. App.) 273 S. W. 629 (writ refused).

The judgment of the trial court is affirmed.