## FIRST TEXAS PRUDENTIAL INS. CO. v. PROTHRO et al. (No. 2312.)

Court of Civil Appeals of Texas. El Paso. June 13, 1929.

Rehearing Denied Sept. 3, 1929.

Turney, Burges, Culwell & Pollard, of El Paso, for appellant.

J. E. Quaid, of El Paso, for appellees.

HIGGINS, J. This is a suit by Mrs. Jessie Prothro and husband upon a life insurance policy of the industrial type, issued by appellant, insuring the life of Miss Loula Graves, sister of Mrs. Prothro, the beneficiary named in the policy.

The policy was dated April 30, 1928, and was issued upon a written application dated April 18, 1928.

Under the terms of the policy and answers to questions in the application, it was material to the defense interposed to determine whether the assured was in good health upon the dates mentioned; the appellant asserting she was not. Questions 3 and 7 submitted such issues to the jury, which found that assured was in good health upon those dates.

It was shown by the uncontroverted evidence that the assured was under the treatment of a physician prior and subsequent to the dates mentioned. Mrs. Prothro so testified, but according to the inference to be drawn from Mrs. Prothro's testimony, the indisposition of the assured was temporary and of such trivial nature that she could not be considered in other than a state of good health within the legal meaning of the term. At the request of plaintiffs, this instruction was given: "By the term 'good health' is meant that the insured had no grave, important or serious disease, and is free from any ailment that would seriously affect the general soundness or healthfulness of the system, *and mere temporary indisposition which does not tend to weaken or undermine the constitution, though existing at the time of making the application or at the time of receiving the policy, will not be held a breach of such requirement.*" (Italics ours.)

Appellant objected to this charge as being upon the weight of the evidence, and the giving of the same is here assigned as error.

In view of the theory and evidence of the plaintiffs as to the nature of the illness of the assured upon the dates of the application and policy, we think the italicized portion of the charge renders it subject to the objection made thereto.

Our view with respect to the vice in the charge cannot be better expressed than in an excerpt from the opinion of Chief Justice Willson in Ft. Worth & D. C. Ry. Co. v. Lynch (Tex. Civ. App.) 136 S. W. 580, 582, as follows:

"But the vice in the instruction does not lie in the fact that the jury were relieved of the duty to determine such a question, but in the fact that they might have construed the language complained of as indicating the view the court took of the testimony with reference to that phase of the case. Appellant had a right to have the issue determined by the jury from a consideration by them of the testimony alone, unembarrassed by any intimation from the court as to the view he entertained with reference to it. The court, of course, did not intend to be understood as making such an intimation to the jury, and we appreciate the fact that it is not probable the jury so understood him, or, if they did, that they were thereby influenced in their determination of the question.

"But the statute (Sayles' Ann. Civ. St. 1897, art. 1317) forbidding such an intimation by the court is mandatory. Overall v. Armstrong [Tex. Civ. App.] 25 S. W. 440; Lumber Co. v. Thompson [Tex. Civ. App.] 113 S. W. 565; Passmore's Instructions to Juries, § 118 et seq. Therefore, the issue having been a material one, if it was also a controverted one, we must hold the portion of the charge complained of to be error requiring a reversal of the judgment."

See, also, Pullman Co. v. Moise (Tex. Civ. App.) 187 S. W. 249, and Hale v. Barnes (Tex. Civ. App.) 155 S. W. 358.

Since the case must be reversed for this

error in the charge, it is unnecessary to consider those assignments questioning the sufficiency of the evidence to support the findings upon the issue of assured's state of health, further than to say that in the state of the evidence the peremptory charge requested by appellant was properly refused. Wininger v. Ry. Co., 105 Tex. 56, 143 S. W. 1150.

The ruling upon evidence complained of in the second assignment presents no error. It was relevant and material evidence, in view of the contention of appellant that it would not have issued the policy had it known the father and a brother of the assured had both died of tuberculosis.

Reversed and remanded.