## MUTUAL PROTECTIVE ASS'N OF TEXAS
## v. LEE.
### No. 1708—6238.

Commission of Appeals of Texas, Section A.
Nov. 28, 1933.

G. R. Lipscomb, of Fort Worth, for plaintiff in error.

Bouldin & Ziveley, of Mineral Wells, for defendant in error.

CRITZ, Judge.

The opinion of the Court of Civil Appeals makes a very full and fair statement of the facts and issues of this case. We refer to and adopt such statement. 47 S.W.(2d) 402. We will make such additional statement as is necessary to make this opinion complete within itself.

It appears that plaintiff in error is a corporation organized for the purpose of insuring the lives of its members on the post mortem assessment plan. On December 13, 1930, one R. W. Bradford was the agent of the association. He was authorized to take applications for membership and send same in to the association for approval. He had no authority to issue certificates or to bind the company except to solicit and take applications. On the day indicated, Bradford took an application for Mrs. Adline Lee, upon a blank form furnished by the association. This application named N. P. Lee, defendant in error here, as beneficiary. The application contained the following question: "Are you in good health so far as you know or believe?" N. P. Lee, who was acting for his mother, Mrs. Lee, informed Bradford in answer to the above question that Mrs. Lee was not in good health, and that she was in bed part of the time. Bradford then wrote into the application as an answer to such question: "In bed part of the time." It appears that the application was delivered to Brad-

ford in the above condition, but before sending the same to the association he, without the knowledge or consent of Mrs. Lee or N. P. Lee, her agent, changed the answer, "In bed part of the time," to "Yes," thus making the application state that Mrs. Lee was then in good health so far as she knew or believed. The association received the application as altered, but without actual knowledge thereof, and on the 29th day of December, 1930, issued its certificate to Mrs. Lee for $1,000. The certificate was delivered some two or three days later. It further appears that at the time this application was made and at the time the certificate was delivered, Mrs. Lee was in bad health. She died on January 19, 1931, some nineteen or twenty days after the delivery of the certificate.

The certificate contains the following express provision: "This association shall not be liable for any claim under the terms of this certificate unless this certificate shall have been delivered to the herein named member while said member is alive and in good health."

The certificate also expressly makes the constitution and by-laws of the association a part thereof. The constitution contains the following provision: "The corporation shall not be liable for any claim unless the membership certificate shall be actually delivered to the member of the class while in good health who has in all respects complied with the terms required by the corporation, to be admissible to membership."

In the above condition of the record the Court of Civil Appeals, in effect, held:

1. That a stipulation in such a certificate providing, in effect, that the association shall not be liable thereon unless there is an actual delivery thereof to the member while in good health, is a valid and binding provision.

2. That such provision can be waived by the association.

3. That a delivery of such a certificate of membership to an applicant, with knowledge on the part of the association at the time of issuance that the applicant is not in good health, is a waiver of such provision.

4. That since the applicant made a true answer to the question required by this application, and such answer was truly written into the application, and was so contained therein at the time it was delivered to the association's agent, and was changed by such agent, before he transmitted such application to the association, without the knowledge or consent of the applicant, the association was in law charged with such notice in regard to applicant's health as it would have had if the application had not been changed by its own agent.

5. That the instant application contained

an answer putting the association on notice that the applicant was in bad health at the time it was made, and therefore the issuance and delivery of such certificate was a waiver of the good health at the time of delivery provision in the policy.

The application for the writ of error contains but two assignments of error, which are as follows:

"The Court of Civil Appeals erred in overruling the first and second grounds of the motion for rehearing of the plaintiff in error, which read as follows:

" '1. The court erred in sustaining the appellant's first assignment of error and proposition number one thereunder, and hold in effect that the clause in the policy to the effect that the policy was not to become effective as an obligation against the appellee unless actually delivered to the insured while alive and in good health, was void.

" '2. The court erred in sustaining appellant's second, third, and fourth assignments of error and proposition number two thereunder in effect holding that knowledge of the sickness of the insured obtained by Bradford the soliciting agent of appellee was imputable to the appellee and estopped it from insisting upon forfeiture of the policy on account of the insured not being in good health upon the date of the delivery of the policy sued upon.' "

The propositions, statement, and argument under the above assignments relate to the same matters that the assignments relate to.

Supreme Court Rule 1c requires that the application for the writ "shall present a question of law decided by the Court of Civil Appeals," etc. A reading of the above-quoted assignments demonstrates that the plaintiff in error has completely misconceived the rulings of law made by the Court of Civil Appeals. The Court of Civil Appeals did not hold that the good health at the time of delivery clause in the certificate was void; neither did it hold that notice to the soliciting agent that Mrs. Lee was in bad health was notice of such fact to the association. In this state of the record nothing is presented to the Supreme Court for review.

In connection with the above, the Court of Civil Appeals merely alludes to the fact that the trial court found that the association, through its agent, Bradford, knew at the time the application was made and filed that Mrs. Lee was in bad health and in bed part of the time, and further found that at the time the certificate was delivered to Mrs. Lee she was not in good health, and that the company had no knowledge of her bad health at the time such policy was delivered other than what Bradford learned when he took such application. The Court of Civil Appeals then interprets such finding to mean that the association only had such knowledge of the fact that Mrs. Lee was in bad health, and was in bed part of the time, as was imputable to it by the knowledge of such facts acquired by Bradford in the preparation of the application. However, when the Court of Civil Appeals comes to decide the case it does not do so on the ground that notice to Bradford was notice to the company, or on the ground that the provision for good health at the time of delivery contained in the certificate was void. In this connection the Court of Civil Appeals decided the case on the rulings already indicated, and on such rulings alone.

We recommend that the application be dismissed.

CURETON, Chief Justice.

Writ of error dismissed, as recommended by the Commission of Appeals.