## BRADY MUT. LIFE INS. ASS'N v. SMITH.

### No. 8020.

Court of Civil Appeals of Texas. Austin.

Nov. 7, 1934.

Shropshire & Sanders, of Brady, for appellant.

J. Mitch Johnson, of San Saba, for appellee.

BLAIR, Justice.

Appellee sued appellant on its policy of insurance, providing for payment of $200 for loss of his eye; and recovered judgment both in the justice and county court for $200; hence this appeal.

All pleadings in the justice court were oral. By written answer in the county court, appellant alleged that appellee procured the insurance by his false answer to a question in the application therefor, reading: "Have you ever had or now have cancer?" to which appellee answered, "No"; that the loss of appellee's eye was due to cancerous infection, which obtained and was known to him when he made said answer. In reply, appellee filed a general denial and "Plaintiff's Sworn Denial by Affidavit," alleging that the answer "No" to the inquiry about cancer was written in the application by appellant's agent Hayes, but that appellee told him in answer to said question that "Dr. A. L. Anderson of Brownwood told me I had a skin cancer upon my eye." The jury found that appellee so advised the agent of appellant at the time he took the application for the insurance, and accordingly the defense of fraud was denied.

Appellant complains that the pleadings of appellee were insufficient to admit over objection evidence to the effect that appellee advised the agent of appellant at the time he took the application for the insurance that Dr. Anderson told him he had a skin cancer on his eye, which later had to be removed because of the cancerous infection; and that appellee did not know the agent had incor-

rectly written the answer in the application until after he had lost his eye and sought to collect the insurance. Appellant says that, after it set up the defense of fraud because of the false answer concerning cancer, then, before appellee could avail himself of the aforementioned evidence, he was required to allege that the answer to the question was correctly given by him, but incorrectly entered in the application by the agent of appellant, alleging such specific facts or circumstances as would constitute the agent's acts fraud or mistake, or as would create an estoppel.

If appellee was required to plead, either orally or in writing, other than a general denial of the fraud plead by appellant, in order to avail himself of the testimony referred to, on which question we do not need to pass, it is manifest that he did plead in substance what appellant contends he should have alleged, and his pleadings were sufficient. Especially is this true in view of the settled rule that, "where the case originates in the justice court and appealed to the county court, strict rules of pleadings are not required." Guaranty State Bank v. Greer (Tex. Civ. App.) 261 S. W. 484; International & G. N. R. Co. v. Philips, 63 Tex. 590.

■■ But appellant says that, since the application, which was a part of the insurance contract, contained the representation or warranty that all answers to questions were true and correct, the aforementioned evidence would vary the terms of the written contract, and was therefore not admissible, absent pleadings of appellee that the acts of the agent incorrectly transcribing the answers would constitute fraud or mistake, or would create an estoppel. This contention simply raises in another way the question of the sufficiency of appellee's pleadings, and is not sustained, because appellee's pleadings were sufficient. If, however, it be the contention of appellant that in any event the evidence referred to was not admissible, because it varied the terms of the written contract, then such contention is not sustained. Appellee did not warrant that the agent of appellant had correctly written his answers; but only that his answers, as made by him, were true and correct; and the law is settled that, where the insured makes truthful answers to the questions contained in the application for insurance, but his answers are incorrectly transcribed by the agent taking the application for the insurer, the insurer is estopped to assert their falsity as a defense to the policy. Schumann v. Brownwood Mutual Life Insurance Association (Tex. Com. App.), 286 S. W. 200; Washington National Ins. Co. v. Brock (Tex. Civ. App.) 60 S.W.(2d) 861, writ refused.

The judgment of the trial court will be affirmed.

Affirmed.