PROVIDENT LIFE & ACCIDENT INS. CO.
OF CHATTANOOGA v. FLOWERS.

No. 3323.

Court of Civil Appeals of Texas. El Paso.

Jan. 30, 1936.

Rehearing Denied Feb. 27, 1936.

John Pranglin, of Pearsall, and Grady Barrett, of San Antonio, for appellant.

R. G. Harris, George R. Thomson, and Walter Stout, all of San Antonio, for appellee.

HIGGINS, Justice.

This is a suit by Flowers to recover sick benefits alleged to have accrued upon an accident and health insurance policy in his favor issued by appellant dated November 8, 1933. The policy was issued without medical examination upon Flowers' written application therefor bearing the same date as the policy, a copy of which was attached to and made a part of such policy. The application provides that the policy was not to be effective unless delivered while the applicant was in good health and free from the effects of any injury, disease, or bodily infirmity.

In bar of the suit defendant, among other defenses, set up that plaintiff was not in good health and free from the effects of injury, disease, or bodily infirmity on the date the policy was delivered. It also alleged the falsity of certain representations contained in the application; they being pleaded as representations and not as warranties. The alleged false representations

relied upon are sufficiently indicated by the issues submitted.

Briefly stated, the issues submitted and answers returned are as follows:

1. Was Flowers at any time during 1934 continuously and totally disabled from sickness? Answer: Yes.

2. For what period was he so disabled? Answer: April 14 to October 1, 1934.

3. Was he at any time during said year continuously and necessarily confined within the house by reason of sickness? Answer: Yes.

4. For what period was he so confined? Answer: April 14 to October 1, 1934.

5. Was he so confined as the result of sickness? Answer: Yes.

6. For what period was he so confined? Answer: April 14 to October 1, 1934.

7. (Need not be here stated.)

8. (Need not be here stated.)

9. (Need not be stated.)

10-a. Was Flowers in "good health" at the time the policy was delivered to him? Answer: Yes.

10-b. Was he "free from the effects of disease" at the time the policy was delivered to him? Answer: Yes.

10-c. Was he "free from effects of bodily infirmity" at said time? Answer: Yes.

10-d. Was he in a "sound condition physically" at the time the policy was delivered? Answer: Yes.

11. Was he in "sound condition physically" at the time he signed the application for insurance? Answer: Yes.

12. Was the answer of Flowers to question 7-a, in the application, true or false? which question reads: "Have you ever had any of the following: Hernia, Epilepsy, Paralysis, Syphilis, Appendicitis, Diabetes, Tuberculosis, Mental Disorder, Disease of the Stomach, Heart, Brain or Nervous System, Disease of Tonsils, Nose or Throat, Rheumatism, or any other disease or ailment?" Answer: True.

Conditional upon answering question 12 "false," the court submitted questions 13, 14, and 15, which inquired:

13. Did Flowers, with the intent and purpose of inducing defendant to issue and deliver the policy, make an untrue or false answer to said question 7-a?

14. Was the answer to said question 7-a material to the risk on which the policy became due and payable?

15. Did the answer to question 7-a contribute to the contingency or event on which the policy became payable?

16. Was the answer of Flowers to question 7-c, in the application: "Have you, within the past five years, had medical or surgical advice or treatment, or any departure from good health?" true or false? Answer: True.

Issues 17, 18, and 19 were submitted conditional upon the return of the answer "false" to question 16. These issues inquired whether the answers were material, etc., the same as in 13, 14, and 15.

20. Did plaintiff, with intent and purpose of inducing defendant to issue and deliver the policy, make an untrue or false answer to question 9 in the application which reads: "Have you ever received indemnity for loss due to accident or sickness?" Answer: "No."

22. Was the answer to question 9 material to the risk on which the policy became due and payable? Answer: No.

23. Did the answer to said question 9 contribute to the contingency or event on which the policy became due and payable? Answer: No.

Issue No. 1, requested by defendant, reads:

"Do you find from a preponderance of the evidence, or any circumstances surrounding the issuance of the policy to Henry Horace Flowers, the same was induced through artifice or fraud practiced upon defendant's agent at the time the said plaintiff Henry Horace Flowers made his application therefor?"

Answer: "No."

In connection with this issue, this instruction was requested and given:

"The term 'fraud' means such actions or statements on the part of the person alleged to have committed same which were untrue at the time of their making, and which led or induced the other party to enter into the transaction to defendant's damage, without which misrepresentations the damaged party would not have entered into such transaction, and made for the purpose of deceiving or misleading the other party thereto."

Instructions given in connection with the issues submitted in the general charge are as follows:

With issue 1: "By the term 'totally disabled' is meant the inability to do substantially all of the material acts necessary to

the prosecution of the insured's business or occupation in substantially his customary and usual manner."

With issue 3: "The term 'confined within the house' does not necessarily mean a constant, literal restraint within the house; an occasional visit to the office of his physician for treatment, or taking exercise and walking as part of the plaintiff's treatment, would not necessarily mean that he was not at such times confined within the house as contemplated by the policy or contract in evidence in this case."

With issue 10: "The terms 'sound condition physically' 'good health' 'free from the effects of disease' and 'free from effects of bodily infirmity' mean a state of health free from any disease or ailment that affects the general soundness or healthfulness of the system seriously—not a mere temporary disability which does not tend to undermine or weaken the constitution of the insured, but rather means freedom from serious disease or grave, important, weighty trouble."

With issue 11: "The term 'sound condition physically' means a state of health free from any disease or ailment that affects the general soundness or healthfulness of the system seriously—not a mere temporary disability which does not tend to undermine or weaken the constitution of the insured, but rather means freedom from serious disease or grave, important, weighty trouble."

With issue 12: "In answering Question No. 12 you are instructed that for an answer to a question in an application for health and accident insurance to be true the plaintiff is not required to relate any illness or disease which the plaintiff may have had concerning some trivial or temporary indisposition or feeling which had passed away without affecting the general health, but only such information is required in answer to such question as applies to some illness or disease of substantial importance or serious nature."

With issue 16: "In answering Question No. 16, you are instructed that for an answer to a question in an application for health and accident insurance to be true the plaintiff is not required to relate any medical or surgical advice or treatment which the plaintiff may have had concerning some trivial or temporary indisposition or feeling which had passed away without affecting the general health, but only such information is required in answer to such question as applies to medical or surgical advice or treat-

ment of substantial importance or serious nature."

Judgment was rendered for the benefits sued for with statutory penalty and attorney's fee.

### Opinion.

By the first two propositions it is asserted the answer to question 7-a in the application, with reference to other ailments, was admittedly false as was also the answer to question 7-c, wherefore the court should have given a peremptory charge in defendant's favor in the absence of a valid waiver shown of such false answers.

The theory that appellant was entitled to an instructed verdict because of the mere falsity of the representations in question is untenable.

■ In the first place it was shown the application was prepared by Elmer J. Edwards, an agent of the defendant. The evidence as to Edwards' authority was such that any notice which he acquired in preparing the application would be imputed to his principal. The testimony of Flowers shows that he gave Edwards true answers to the questions propounded. Under such circumstances, a waiver was shown estopping defendant from setting up the falsity of the representations in avoidance of the contract. Liverpool, etc., v. Ende, 65 Tex. 118; Terry v. Texas, etc. (Tex.Civ.App.) 77 S.W.(2d) 761; St. Paul Fire & Marine Ins. Co. v. Kitchen (Tex.Com.App.) 271 S. W. 893; Southern Underwriters v. Jones (Tex.Civ.App.) 13 S.W.(2d) 435.

Since the pleadings and evidence raised the issue of waiver and estoppel, the peremptory charge could not properly have been given.

■ Furthermore, under article 5043, R. S., the false representations constituted no defense unless it was shown they were material to the risk or actually contributed to the contingency or event upon which the policy became due and payable.

Article 5045, R. S., also provides: "No recovery upon any life, accident or health insurance policy shall ever be defeated because of any misrepresentation in the application which is of an immaterial fact and which does not affect the risks assumed."

■ Under the evidence, it was a question for the jury to determine whether the misrepresentations were of the character which would avoid the policy.

850

■ The burden was upon appellant to show not only the falsity of the representations but the materiality thereof as well. Franklin L. I. Co. v. Dossett (Tex.Civ.App.) 265 S.W. 259; Id. (Tex.Com.App.) 276 S. W. 1097; Southern Surety Co. v. Butler (Tex.Civ.App.) 247 S.W. 611.

Under the evidence, an issue in this respect was raised which was for the determination of the jury.

There is no warranty in the application that the answers as written, to the questions propounded, were true. If there were such a warranty, the falsity of the answers would perhaps avoid the policy. In this connection, see Terry v. Texas Prudential Ins. Co. (Tex.Civ.App.) 77 S.W.(2d) 761.

■■ The evidence in this case shows that Edwards, the agent of appellant who wrote up the application, was not a mere soliciting agent but was the manager of the accident and health department of Coleman & Co., who were appellant's general agents. Under the terms of the policy, it was not binding upon the company unless countersigned by its duly authorized agent. The policy was countersigned by Edwards as manager and delivered by him. Under such circumstances, appellant cannot avoid the policy because of the falsity of the statements contained in the policy. This is true regardless of any fault on the part of plaintiff, Flowers, in failing to see that his answers were properly recorded in the application. See Liverpool, etc., v. Ende, and other cases above cited. Also see Washington Fidelity Nat. Ins. Co. v. Smith (Tex. Civ.App.) 80 S.W.(2d) 413; Commercial Casualty Ins. Co. v. Hamrick (Tex.Civ. App.) 60 S.W.(2d) 247. This view is not affected by the provision in the application that no agent of the company has authority to alter, amend, or waive any policy provision or requirement. Appellant is a corporation. It can act only through an agent. It can have notice only through an agent. The notice had by Edwards of facts within the scope of his authority and with reference to a matter over which his authority extended is imputable to his principal even though he had no authority to alter, amend, or waive any policy provision or requirement. Terry v. Texas Prudential Ins. Co., supra; Southern Mut. Fire Ins. Co. v. Mazoch Bros. (Tex.Civ.App.) 291 S.W. 257; Law v. Texas S. M. F. Ins. Co. (Tex.Com. App.) 12 S.W.(2d) 539; Lee v. Mutual, etc. (Tex.Civ.App.) 47 S.W.(2d) 402; Mutual· Protective Ass'n v. Lee (Tex.Com.

App.) 65 S.W.(2d) 271; Mecca F. I. Co. v. Smith (Tex.Civ.App.) 135 S.W. 688.

■ The court erred in admitting testimony showing that appellant's claim agent or adjuster offered to pay appellee $400. It very clearly appears there was a controversy at the time the offer was made as to the extent, if any, of appellant's liability and the purpose of the offer was to buy peace and avoid litigation. It was manifestly an offer of compromise and inadmissible as an admission of liability. 17 Tex. Jur., Evidence, § 233; International & G. N. Ry. Co. v. Ragsdale, 67 Tex. 24, 2 S.W. 515.

■ Appellee admitted he consulted Dr. Beall in July, 1933.

Dr. Beall testified: Appellee consulted him on July 19, 1933, and August of the same year. He made a general examination of appellee and diagnosed his ailment an angina pectoris, either pseudo or real (organic), for which ailment he prescribed some "amynolin" (aminophyllin) to relieve the distress caused by imperfect action of the nutrition of the heart and the control of the coronary arteries. He found also an infection in the tonsils, which he treated, and told him about his diet and the general care he should take of himself and it was his opinion that the heart trouble was caused by focal infection existing in the tonsils. He also found considerable pus cells in his urine. Dr. Beall also testified that appellee was not, in his opinion, in good health at the time he examined him, and if he had true angina pectoris at that time, he still had it, and that the focal infection in the tonsils could have spread to the gall bladder.

In view of this testimony, we regard the instruction given in connection with issue 16 as being upon the weight of the evidence, and reversible error. Ft. Worth & D. C. Ry. Co. v. Lynch (Tex.Civ.App.) 136 S.W. 580; First Texas P. Ins. Co. v. Prothro (Tex.Civ.App.) 20 S.W.(2d) 141; Hines v. Popino (Tex.Civ.App.) 235 S.W. 1095.

■ The exception taken to the instruction given in connection with issue 10 was that it was not a proper legal definition of the terms used, and such words placed an additional burden on the insurer which it was not required to prove.

This objection was too general to require consideration. Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.(2d) 474; Chase Bag

Co. v. Longoria (Tex.Civ.App.) 45 S.W. (2d) 242; Texas E. Ry. Co. v. Texas E. I. Ass'n (Tex.Civ.App.) 9 S.W.(2d) 185.

For the two errors indicated, the judgment is reversed and the cause remanded.