## WILLIS et al. v. TEXAS PRUDENTIAL INS. CO.

### No. 13483.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 15, 1937.

Rehearing Denied Feb. 26, 1937.

See, also, 79 S.W.(2d) 651.

Frank R. Graves and T. Young Collins, both of Fort Worth, for appellants.

Bryan, Stone, Wade & Agerton and G. W. Parker Jr., all of Fort Worth, and Levy & Levy, of Galveston, for appellee.

SPEER, Justice.

Mrs. Bertha Willis, joined by her husband, sued Texas Prudential Insurance Company on a life insurance policy issued to Thelma Lorena Hull for $1,000, in which Mrs. Bertha Willis was named as beneficiary.

For convenience we shall refer to the parties as plaintiffs and defendant as they appeared in the trial court.

Plaintiffs alleged the issuance and delivery of the policy on November 27, 1931. That while the policy was in full force and effect the said Thelma Lorena Hull died on April 10, 1932; that plaintiffs had complied with all the provisions of the contract in giving notice and proof of death, and that defendant had declined payment. Prayer was for the face of the policy, with statutory penalty and attorneys' fees.

Defendant answered with general denial and special plea that the application for insurance made by the insured provided that defendant would have no liability until a policy was issued and delivered to applicant during her lifetime and good health, and that the policy subsequently issued by it contained a similar provision.

Allegations were made by defendant that the policy also provided the application, along with the policy of insurance, should constitute the entire contract between the parties, with the further stipulation therein that no person other than the president, vice president or secretary of the company (and they only by a written instrument executed at the home office) could modify

the terms of the contract, and, further, that the company should not be bound "by any statement heretofore or hereafter made by any other person, or by information possessed by, or any statement made by or to any other person at any time heretofore or hereafter."

Averment was made by defendant that the policy was delivered to the mother of insured on December 7, 1931, and on that date insured was not in sound or good health. That defendant did not know of the serious illness of the insured either at the time of issuance nor delivery of the policy.

Plaintiff replied with supplemental petition alleging C. C. Powell and B. H. Hale, agents of defendant, delivered the policy and were told by Mrs. Bertha Willis at the time, her daughter, Mrs. Thelma Lorena Hull, was then in the hospital, and that with full knowledge that insured was not in good and, sound health the said agents delivered the policy. That the knowledge and acts of said agents constituted a waiver by defendant of the "good health" clause in the contract and that defendant was estopped to deny liability because thereof.

The case was tried to the court without the intervention of a jury. The court rendered judgment that plaintiffs recover only $8 paid on the first semiannual premium, which defendant had tendered into court, but that they take nothing in their action on the policy and that defendant go hence with its costs.

Appeal was perfected by plaintiffs assigning errors to the court's action in finding against them on their pleas of waiver and estoppel.

At the request of plaintiff the trial court filed his findings of facts and conclusions of law.

It is sufficient to say these findings show the court found the facts to be substantially as pleaded by all parties.

He found that upon the solicitation of C. C. Powell, who had previously collected premiums from Thelma Lorena Hull on a smaller policy carried by her with the defendant, she surrendered the old policy and made application for a $1,000 ordinary life "Non Medical" policy. That the larger policy was issued under date of November 27, 1931, and was delivered to Mrs. Bertha Willis, the beneficiary and mother of insured, by C. C. Powell, the soliciting agent, and B. H. Hale, the assistant superintendent of defendant, on December 7, 1931. That at the time the policy was delivered Mrs. Bertha Willis informed the agents delivering it that the insured was in the hospital. That both the application and the policy provided there should be no liability with defendant if the insured was not in sound health when the policy was delivered. The court further found the insured was not in sound health on the date the policy was issued nor when delivered. That the insured died on April 10, 1932, as a result of her illness with which she was suffering when the policy was issued and delivered.

The court concluded as a matter of law the information acquired by the two named agents when the policy was delivered did not bind the defendant and that it did not thereby waive the provisions in the contract nor was it estopped to plead and rely upon them.

No complaint is made by either party as to facts found by the court; we have verified them from the statement of facts filed and find them amply supported.

Plaintiffs, in their brief only challenge the legal conclusions reached by the court and contend the facts show defendant had waived the "good health" provision in the contract and was estopped to deny liability on account of its infraction.

We cannot agree with plaintiffs' contention. The application made by Thelma Lorena Hull for the $1,000 policy contained the following stipulation: "I agree on behalf of myself and every person who shall have or claim any interest in any policy in consequence hereof as follows: (1) The company shall incur no liability upon account of this application or any policy issued in consequence thereof until such policy shall be actually delivered to me and accepted by me during my lifetime and good health. * * *"

The policy issued on the application provided as follows: "This policy and the written and printed application therefor, contained in two parts constitute the entire contract between the parties hereto. A copy of the application is attached hereto. All statements of the Insured shall, in the absence of fraud, be deemed representations and not warranties. No person other than the President, Vice-President, or Secretary of the Company (and they only by written instrument, executed at the Home Office) has authority to make or modify this or any contract of insurance,

or to extend the time for paying any premium; and the Company shall not be bound by any promise or statement heretofore or hereafter made by any other person, or by information possessed by, or any statement made by or to any other person at any time heretofore or hereafter. No obligation is assumed by the Company prior to the date hereof, nor unless on said date the Insured is alive and in sound health."

The foregoing stipulation is not an unreasonable one, especially in view of the fact defendant had agreed to issue a policy of insurance without a medical examination of the applicant. There is no good reason why the insurer should not be entitled to know that a person is in good health when the policy becomes effective. There is a greater hazard to the company when it takes that chance than if it required a medical examination of the insured. For this reason, no doubt, the defendant provided in the contract against being bound by statements by or to any other person than its president, vice president or secretary. Many difficult and perplexing questions have arisen in the past, and may do so in the future, as to when an agent is acting within the scope or apparent scope of the authority given him by his principal, and consequently the question arises when is the principal bound by the acts of an agent? The contract here removes all chance of doubt when it provides that only the president, vice president or secretary can bind the company under promises to change or alter the written contract, and that they can only do so by a written instrument executed at the home office.

There is no contention by plaintiffs that the defendant, through any of its executive officers, had actual or constructive notice of the physical condition of Mrs. Thelma Lorena Hull when it issued and delivered the policy. But it is insisted by plaintiffs that it was the duty of Powell and Hale to inform the defendant that the insured was not in good health when the policy was written. The plain wording of the policy accepted by the insured refutes such contention. The contract specified the only persons by whose words and acts the defendant was willing to be bound. The contention of plaintiffs would read into the contract the very thing the provisions of the contract inhibited; plaintiffs' contention means that information possessed by some person other than those named in the contract would be binding on defendant, and that some person other than those named would have authority to waive or change the conditions and terms thereof.

We do not hold the defendant could not waive or estop itself to rely on the "good health" provisions. Our courts have often held it can be done, but in no case so far as we have been able to find has it been held to be waived or the company estopped to rely upon it without actual or constructive knowledge of the facts as they actually existed. The cases cited by plaintiffs in support of their contention hold this to be the rule. Southern Underwriters v. Jones (Tex.Civ.App.) 13 S.W.(2d) 435; Terry v. Prudential Ins. Co. (Tex.Civ.App.) 77 S.W. (2d) 761; Wagner v. Westchester Fire Ins. Co., 92 Tex. 549, 50 S.W. 569.

In view of the provisions in the contract it is clear to us Powell and Hale were not such agents of defendant as could by their words or acts waive the stipulations for "good health" when the policy was delivered, and that the defendant could so contract that it would not be bound by their conduct.

Revised Civil Statutes, art. 5063, provides: "Any person who shall solicit an application for insurance upon the life of another shall in any controversy between the assured and his beneficiary and the company issuing any policy upon such application be regarded as the agent of the company, and not the agent of the insured, but such agent shall not have the power to waive, change or alter any of the terms or conditions of the application or policy."

Plaintiffs' theory is that when the agents delivered the policy with knowledge that the insured was not in good health, the provision relating thereto was waived by the defendant. The contract of insurance sued on by plaintiffs stipulated to the contrary; and if it had not provided against binding the defendant by what some agent said or knew, the statute above quoted would render void any act of the agents' tending to waive, change, or alter any of the terms of the application or policy. That statute became a part of the contract, the same as if its provisions had been fully written into it and agreed to by the parties.

In Hutchison v. Hartford Ins. Co. (Tex. Civ.App.) 39 S.W. 325 (writ of error refused) it was said: "The parties to the contract of insurance had the right to

860

make, as a part of their agreement, the condition that the knowledge of the agent of the falsity of the answers should not preclude or estop the company. This was one of the express provisions of the policy, and is as much binding upon the assured as any other of its terms."

In Texas State Mutual Fire Ins. Co. v. Richbourg (Tex.Com.App.) 257 S.W. 1089, 1090, it was held: "The rule seems to be well settled in this state to the effect that, when the limitation is expressed in the application or in the policy in such way that the insured is charged with knowledge thereof, the company will not be estopped by the wrongful acts of the agent."

The following cases are to the same effect: Sanchez v. American Ins. Co. (Tex.Civ.App.) 40 S.W.(2d) 240; Fidelity Mutual Life Ass'n v. Harris, 94 Tex. 25, 57 S.W. 635, 86 Am.St.Rep. 813; Southern Surety Co. v. Benton (Tex.Com.App.) 280 S.W. 551 and the many authorities there cited. See, also, Judd v. Lubbock Mutual Aid Association (Tex.Civ.App.) 269 S.W. 284.

There is little or no difference between the parties here as to what the real facts are, the only difference being in a construction of the law applicable to the facts. All parties have thoroughly briefed their respective contentions and cited many authorities in support thereof. All this has been very helpful to this court. The authorities used and relied upon by us in arriving at our conclusions have been mainly taken from the briefs.

It is undisputed that the insured was not in good health at the time of the issuance and delivery of the policy and that she died on April 10, 1932, from the effects of the illness from which she was suffering when the contract was issued and delivered.

It is not contended that defendant waived or estopped itself from relying upon "good health" provision in the contract of insurance except through the acts of Powell and Hale.

We conclude and so hold that the agents named were not such representatives of defendant who could by their own acts alone bind defendant in the matter of the stipulations in the application and policy and that the defendant did not waive its rights, nor estop itself to rely upon the provisions of the contract.

All assignments of error are overruled, and the judgment of the trial court is affirmed.