## HULME v. GREAT NATIONAL LIFE INS. CO.

### No. 13741.

Court of Civil Appeals of Texas. Fort Worth.

April 8, 1938.

Rehearing Denied May 6, 1938.

Ray Winder, of Gainesville, for appellant.

Webster Atwell, of Dallas, for appellee.

BROWN, Justice.

Appellant brought suit against appellee insurance company on a policy of insurance issued upon the life of appellant's wife in the principal sum of $1,000.

Appellee answered alleging that the policy was one issued without a medical examination of the insured; that in the application for insurance the applicant had given false answers to questions regarding

her health; that the application warrants the answers to be true and that same are offered as a consideration for the basis of the contract of insurance; that the application contains a stipulation that the policy shall not take effect until it has been manually delivered to the insured while in good health; and that it contains the following stipulation: "That no statements, promises, agreements or information made or given by or to the person soliciting or taking this application other than those written and contained herein shall have any binding force or in any way affect the rights of the company." And that the policy contains the following provision: "No alteration or modification of this policy will be valid unless endorsed hereon by the president, vice-president, secretary or assistant secretary of the Company. No agent is authorized to waive or modify any terms or conditions of this policy, to extend the time for payment of premiums, or bind the Company by making any promises not contained in the policy or by accepting any representation not contained in the written application for this policy."

Appellee alleged that the insured was suffering from heart trouble at the time the application for the policy was made; that she was not in good health when it was delivered to her; and asserted that it was not liable, under the provisions of both the application for insurance and the insurance contract, by reason of these facts.

Appellant replied to this answer to the effect that when appellee's agent, who solicited her application, came to the insured, she gave him true and correct answers to all of the questions propounded to her in the application, and alleged that the defendant insurance company has by virtue of such facts waived the provisions of its policy relied upon, and that it is estopped to set up the erroneous answers contained in the application which were written therein by its agent, who knew at the time that same were untrue.

The case being tried to a jury, and the cause submitted on special issues, the jury found in substance as follows: (1) That Mrs. Hulme had heart trouble at the time she signed the application; (2) that such illness was a serious menace to the prolongation of her life; (3) that she had heart trouble at the time the policy was delivered to her husband; (4) that such illness was a serious menace to the prolongation of her life; (5) that the agent of the insurance company did not write in the application for insurance the correct answers to the questions as given by Mrs. Hulme; (6) that Mrs. Hulme told such agent that within the preceding five years she had suffered bodily disease or infirmity; (7) that she told such agent she was not in first-class health; (8) that she told such agent that she had heart trouble; (9) that she told such agent she had shortness of breath upon exertion; (10) that she did not tell such agent she had never undergone a surgical operation; (11) that Mrs. Hulme did not know that she had heart trouble at the time she filed the application; (12) that she believed she was in good health when she signed the application; (13) that Mrs. Hulme told the agent that her physician had advised her that she had heart trouble.

On this verdict the court rendered judgment that the plaintiff (appellant here) take nothing by reason of this suit.

The appeal presents an altogether different question from that raised in appellee's brief. This is not a suit where an agent, whose sole duties are to solicit insurance applications, forward same to the company, deliver the policies when issued and collect the premiums as they accrue, has knowledge of facts which he should impart to his principal affecting the risk, and where the doctrine of waiver and estoppel is attempted to be invoked solely on the knowledge thus obtained by such soliciting agent.

We had such question before us in the case of Willis v. Texas Prudential Insurance Company, 101 S.W.2d 857, writ refused. It will be noted that such case, and the cases cited in the able opinion written by Mr. Justice Speer, show that in those cases the question that is before us was not involved. Here we have a mere soliciting agent who goes to a prospective patron and who propounds the questions found in the application for insurance to the applicant, and the applicant gives the agent true and correct answers to such questions, but the agent, who is eager to secure the insurance, instead of writing the answers as correctly given, writes in false answers calculated to show that the applicant is a good risk, and the policy of insurance is issued and delivered because of such answers.

Under such circumstances it is held that to all intents and purposes the application for insurance contains the true answers given by the applicant, and therefore the

insurance carrier cannot be heard to say that the answers are false and untrue, and that it has relied upon such answers in issuing the policy. The fraud thus shown is one that is committed by the agent of the insurance company without the connivance, the knowledge, or the consent of the insured.

The case before us is governed and controlled by the following authorities: Lee v. Mutual Protective Ass'n, Tex.Civ.App., 47 S.W.2d 402, writ dismissed in a written opinion by Mr. Justice Critz, Tex.Com.App., 65 S.W.2d 271; Inter-Ocean Casualty Co. v. Brown, Tex.Civ.App., 31 S.W.2d 333, writ dismissed; American National Insurance Co. v. Park, Tex.Civ.App., 55 S.W.2d 1088, writ refused; Washington National Ins. Co. v. Brock, Tex.Civ.App., 60 S.W.2d 861, writ refused; Brady Mutual Life Ins. Ass'n v. Smith, Tex.Civ.App., 76 S.W.2d 231; Terry v. Texas Prudential Ins. Co., Tex.Civ.App., 77 S.W.2d 761, writ dismissed; Washington Fidelity National Ins. Co. v. Smith, Tex.Civ.App., 80 S.W.2d 413; Martinez v. First Texas Prudential Ins. Co., Tex.Civ.App., 90 S.W.2d 645, writ dismissed, and Provident Life & Accident Ins. Co. v. Flowers, Tex.Civ.App., 91 S.W.2d 847, writ dismissed.

We have concluded that under the undisputed facts and the findings of the jury, the judgment of the trial court should be, and it is hereby, reversed, and judgment here rendered for the appellant.