**CITY OF HOUSTON v. WOOL-RIDGE et al.**

No. 12309.

Court of Civil Appeals of Texas. Galveston.

June 28, 1951.

Rehearing Denied July 19, 1951.

Will Sears, City Atty., Richard H. Burks, Asst. City Atty., Houston, for appellant.

Edgar C. Soule, Houston, for appellees.

GRAVES, Justice.

Appellee, Louise Harding Woolridge, a single woman, joined by her former husband, James Woolridge, colored people, instituted this suit in the District Court of

Harris County, Texas, against the City of Houston, appellant, and Curtis Lee Roberts, an employee of the City of Houston, to recover damages for the loss of services and earnings during the minority of their child, Willie May Woolridge, which were alleged to have been sustained by appellees, by the death of their child.

Appellees' minor child was struck by a truck belonging to appellant, and driven by Roberts, as she was crossing a public street, in the City of Houston.

As a result of the trial before a jury on special issues-of-fact, judgment was rendered against both defendants, on its verdict, in favor of appellees, for the sum of $6,300.

As indicated, the court stated no special findings of its own, in addition to those so returned by the jury in its verdict. The City alone has appealed.

It states four points-of-error, which are deemed material in this Court, in substance, to this effect:

1. The trial court's Special Issue No. 5, as submitted to the jury, without first asking whether the "black car" was there, constituted material error, tainting the entire charge, to the prejudice of appellant, in that it plainly told the jury the court believed the appellees' case, and not the City's case;

2. Such submission of Issue No. 5 to the jury, over appellant's written objection, did not, under the pleadings and evidence, submit to the jury an ultimate issue-of-fact, but, instead, constituted a general charge;

3. The jury's answer to Special Issue No. 11 was without any evidence to support it, or was at least so contrary to the overwhelming weight of the evidence as to have been entirely wrong.

After its review of the cause, under the briefs and oral arguments, this Court concludes, without deeming it necessary to engage in much extended discussion, that the substance of both of appellant's contentions in this Court are correct and should be sustained.

The appellees, in their trial petition, in detailing their claimed negligence against the City and its driver, further thus specifically averred:

" * * * and, in that, said driver failed to stop his truck promptly when an automobile ahead of him came to a stop, to permit said child to cross the street at the intersection of Rusk Avenue and Delano Street in the City of Houston, where said child was killed; and, in that, the driver of said truck, instead of bringing his vehicle to a halt behind the said automobile that · had stopped, proceeded to turn to the left on the wrong side of the street, went around said automobile, and ran down three children, who were crossing said street, killing this one child, Willie Mae Woolridge, etc."

In other words, they based their whole cause upon the charge that there was an automobile going in the same direction immediately ahead of the appellant's truck at the time, which had stopped just ahead of it, and that appellant's driver's action in refusing to stop, but in, instead, turning to the left around it, proximately caused the accident.

Such Issue No. 5, together with the jury's answer thereto, was this:

"Do you find from a preponderance of the evidence that the act of the driver of the truck—in turning his truck to the left on the occasion under inquiry—was negligence? Answer: We do."

In these undisputed circumstances, it seems well-nigh self-evident to this Court that the trial court—in so charging the jury on the whole cause—assumed that there was a car so ahead of the appellant's truck at the time; whereas, the question of whether it was or not there at all was the most controverted issue of the whole trial before the jury; most of the witnesses having referred to it as a "black car," but they were in utter disagreement as to where it was, and as to just where, in fact, the collision between the appellant's truck and the appellees' child actually occurred. Clearly, it is thought, the trial court should have, at least, submitted the question of whether there had been such a car there or not to

the jury, as the appellant requested, and the court refused.

This amounted, in legal effect, to a charge on the weight of the evidence, which requires a reversal of the judgment. First Texas Prudential Insurance Company v. Prothro, El Paso Court of Civil Appeals, 20 S.W.2d 141, error dismissed, and El Paso Electric Co. v. Hedrick, Tex.Com. App., 60 S.W.2d 761.

In view of a reversal, it is deemed beyond the requirements to discuss appellant's further contentions, since the issues therein raised may not recur upon another trial.

These conclusions require a reversal of the appealed-from judgment, and a remanding of the cause to the trial court for another trial. It will be so ordered.

Reversed and remanded.