**NATIONAL LIFE & ACCIDENT INSURANCE COMPANY, Appellant,**

v.

**Jeraldine M. ROMERO, Appellee.**

No. 6509.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 11, 1962.

Rehearing Denied Feb. 7, 1962.

Strong, Pipkin, Strong & Nelson, Beaumont, for appellant.

Baker, Lamson & Plessala, Port Arthur, for appellee.

McNEILL, Justice.

The action was one by appellee as the beneficiary to recover upon a policy of life insurance issued by appellant upon the life of appellee's husband. Appellant defended on the ground that at the time the application for the policy was taken and at the time of delivery of the policy to insured he was in ill health, and that insured did not give truthful answers to questions asked in the application relative to his health.

Upon trial to a jury, it found that appellant's soliciting agent was truthfully advised as to insured's ill health and sickness, and that he had recently received treatment in Galveston. It further found that the agents failed to correctly record this information in the application and further that insured and beneficiary failed to read the application because they relied upon the agents to correctly record their answers thereto; that insured and benficiary had no reason to suspect that the agents would not correctly record their answers in the application. Judgment was entered upon the jury's verdict in favor of appellee for the proceeds of the policy, interest, penalty and attorneys' fees.

The application was executed by insured on April 26, 1960, the policy was issued May 9, 1960, and insured died October 1, 1960.

The policy provided, "This policy shall take effect on the date of issue, provided the insured is then alive and in sound health, but not otherwise."

Appellant contends that since the policy contains the provision quoted above, and since at all times between the date of the application and issuance and delivery of the policy insured was in bad health, suffering from diseases that caused his death, the judgment should be reversed and rendered in its behalf. This contention should be sustained. We have read the several cases cited by appellant and appellee as well as many others, and it has been difficult to reach a definite conclusion from them. Appellee strongly emphasizes the case of Terry v. Texas Prudential Insurance Co., Tex.Civ.App., 77 S.W.2d 761. The basis of that holding is that since the soliciting agent is the agent of the insurance company and not the insured (see Art. 21.04, Insurance Code, V.A.T.S., formerly Art. 5063, R.S. 1925), and since both the insured and the beneficiary in that case truthfully advised the agent of the bad health of the insured, notice to the agent received in the discharge of his duties within the scope of his employment is notice to his principal and the issuance by it of the policy growing out of that transaction is a waiver of the requirement in both the application and policy that the applicant be in good health and the company is estopped to assert insured's true condition. There are several Courts of Civil Appeals cases which have followed this holding, one of which is American National Ins. Co. v. Mays, Tex.Civ.App., 97 S.W.2d 975. To like effect are Washington National Ins. Co. v. Brock, Tex.Civ.App., 60 S.W.2d 861 (w. r.); American National Ins. Co. v. Park, Tex.Civ.App., 55 S.W.2d 1088 (w. r.).

Appellant principally relies upon the case of Willis v. Texas Prudential Ins. Co., Tex. Civ.App., 101 S.W.2d 857 (w. r.). It asserts that since the policy in the present case contained the clause, "No agent shall have the power or authority to waive, change or alter any of the terms or conditions of this policy, nor shall it be changed in any manner

except by endorsement signed by the President or Secretary," and also contained the provision that the policy shall not be in effect unless on its date of issue the insured is alive and in sound health, similar in all respects to the provisions in the Willis case, that case controls. Whether the cases first cited conflict with the Willis case we need not decide. The later case of Great National al Life Ins. Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602, we think, controls the present one. There the soliciting agent read the question in the application to the applicant whether she had heart trouble, to which she answered "yes". Bell, the agent, did not write such answer in the application but without applicant's knowledge wrote "No" as the answer. The policy was delivered upon this application and insured died shortly thereafter. The court held that Bell had no authority from the company, since he was merely a soliciting agent, to make an insurance contract and therefore no agreement made by him or fraud perpetrated or knowledge possessed by him would modify the good health stipulation contained in the policy. Upon the question of whether notice of knowledge of ill health to the soliciting agent is notice to the company, we quote the following from this case:

> "It cannot be said that the company, in issuing the policy and having Bell to deliver same, consented to modify said stipulation by excepting heart trouble from the scope of its operation. This is so for the reason that in issuing the policy and causing its delivery, the company was ignorant of the fact that Mrs. Hulme had heart trouble, and the company did nothing to signify that it consented to such a modification."

This quotation fits the present case; therefore, the judgment below is reversed and judgment here rendered for appellant.

## ON MOTION FOR REHEARING

In her motion for rehearing, appellee seeks to distinguish the Hulme case from her cases on the basis that the issues of waiver

and estoppel were not involved in the Hulme case. While the opinion of the Supreme Court, 134 Tex. 539, 136 S.W.2d 602, does not disclose these issues, it will be seen from the report of the opinion of the Court of Civil Appeals, 116 S.W.2d 459, that these issues were involved practically as in the instant case.

The motion is overruled.