Albert J. JACKSON et al., Appellants,

v.

AMERICAN NATIONAL INSURANCE COMPANY, Appellee.

No. 6563.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 25, 1962.

Rehearing Denied Nov. 28, 1962.

Keith, Mehaffy, McNicholas & Weber, Beaumont, for appellants.

Orgain, Bell & Tucker, Beaumont, for appellee.

STEPHENSON, Justice.

This was an action brought to cancel two policies of life insurance. The case was tried before a jury, and judgment non obstante veredicto was rendered for the insurance company. The policies of insurance were cancelled, and appellant's recovery on his cross action denied.

It was stipulated that Mrs. Jackson, the deceased, had suffered from a heart attack and diabetes mellitus for several years prior to the issuance of the policies in question, was not in sound health during the entire interval of time in issue, that her physical condition was material to the risk incurred, and that she met her death from either the heart condition or diabetes.

The answers on the applications, which were all in the handwriting of the soliciting agent, showed that Mrs. Jackson did not have any physical defects. The policies of insurance contained the following provisions:

"This policy shall take effect only on the date of issue and if the insured is then alive and in sound health."

"The printed provisions on this and the three following pages of this policy, together with any endorsements by the Company's President or Secretary make the entire contract. No other person can change this contract or waive any of its provisions, and any change or waiver, to be effective, must be a part of such an endorsement."

The jury found: (1) That Mrs. Jackson informed the soliciting agent for the insurance company of her heart and diabetic condition and that she was not in good health.

(2) That Mrs. Jackson did not know the applications for insurance contained untruthful answers.

(3) That Mrs. Jackson was not negligent in failing to read the answers made to the questions on the applications.

This is the identical question raised in this Court in National Life & Accident Insurance Company v. Romero, Tex.Civ.App., 353 S.W.2d 320. The opinion in the Romero case discusses the questions raised by appellant and the decisions in this state relevant to such questions. We hold in this case, as we did in the Romero case, supra, the issues here involved are controlled by Great National Life Ins. Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602. The Supreme Court held the soliciting agent had no authority to make an insurance contract, and therefore no agreement made by him, or fraud perpetrated, or knowledge possessed by him would modify the good health provision contained in the policy. The Hulme case, supra, contained this statement of the law:

"It is well settled that such a stipulation is valid and prevents the policy from becoming effective as an insurance contract, if the insured, at the time the policy is delivered, is afflicted with a disease or infirmity which increases the risk under the policy."

Judgment of the trial court is affirmed.